48000. WORRILL v. PITNEY-BOWES, INC.

SUBMITTED MARCH 6, 1973 — DECIDED APRIL 5, 1973.

*Pauline E. Cousins,* for appellant.

*Nall, Miller & Cadenhead, Lowell S. Fine,* for appellee.

CLARK, Judge. Two questions are presented: (1) What is the commencement date of the statute of limitation on the facts presented by the record in this appeal? (2) Is the limitation statute tolled as to an independent claim against a third party during pendency of a third-party action in another suit?

In January 1966 a sales representative of Pitney-

Bowes, Inc. contacted Worrill for him to purchase or lease certain equipment. Worrill, who had been pleased with his previous use of Pitney-Bowes, Inc. products, agreed with the salesman on financing arrangements for the office machines whereby a lease was made through GECC Leasing Company which lease was subsequently transferred to General Electric Credit Corporation. Later the equipment was delivered but allegedly failed to perform as represented. For some months Worrill continued to make his agreed lease payments while efforts were made by Pitney-Bowes to correct malfunction but finally in January 1968 he had his attorney address a letter to all three involved companies whereby he tendered them a return of the equipment, stated his rescission of the lease "because of the fraudulent misrepresentations by your agent in the operation, quality and quantity of the work which the said equipment would perform," and demanded repayment to him of all sums paid General Electric Credit Corporation.

General Electric Credit Corporation sued Worrill on April 4, 1968, for the gross sum owed it on its lease. Worrill filed an answer and cross-bill on the basis that the Pitney-Bowes salesman was agent for both the leasing and credit companies in arranging the lease so that his representations bound both companies. Additionally, Worrill instituted a third-party action against Pitney-Bowes, Inc. to which Pitney-Bowes, Inc. filed defensive pleadings including a motion to dismiss this complaint. This dismissal motion was sustained. An appeal followed to our court. In *Worrill v. Pitney-Bowes, Inc.*, 119 Ga. App. 258 (167 SE2d 236) the ruling of the lower court was affirmed. Rehearing was denied February 28, 1969, and certiorari was denied by the Supreme Court. Thus the third-party action terminated adverse to Worrill.

On December 1, 1970, the original suit went to trial. On

that date the jury returned a verdict for plaintiff against Worrill for $9,829.50 plus attorney fees of $1,007.50 which disposed of Worrill's cross action. After filing a new trial motion which Worrill subsequently dismissed Worrill paid the judgment on June 8, 1971.

He then filed the instant suit on June 30, 1972, seeking judgment against Pitney-Bowes, Inc. alleging falsity and deceit and seeking damages which included the amount he had paid to satisfy the judgment.

Pitney-Bowes, Inc. filed its answer denying Worrill's allegations. Its answer included a special plea that plaintiff's claim was barred because of expiration of the statute of limitation.

A summary judgment motion was filed by Pitney-Bowes, Inc. based on the plea of the statute of limitation supported by its deposition of Worrill as an adverse party to which Worrill submitted his opposition affidavit. Defendant's motion was sustained, from which judgment Worrill has taken this appeal.

■ Litigants are in agreement that the applicable statutory limitation bar is four years. This is due to the complaint alleging misrepresentation based on deceit involving personalty. Code § 3-1002; *Frost v. Arnaud,* 144 Ga. 26 (85 SE 1028). They disagree on all other elements.

■ The answers to the two questions with which this opinion began are to be found in *Mobley v. Murray County,* 178 Ga. 388 (173 SE 680), Headnote 1 of which reads in part as follows: "When the question is raised as to whether an action is barred by a statute of limitations, the true test to determine when the cause of action accrued is 'to ascertain the time when the plaintiff could first have maintained his action to a successful result.' "

We apply this test to the following key activities and dates: Signing of lease on February 10, 1966; tender of equipment and rescission of contract on January 29, 1968; filing of initial suit on April 4, 1968; filing by Worrill of defensive pleadings and cross-bill along with

third-party action on May 7, 1968; rendition of the Court of Appeals decision on February 17, 1969; jury verdict rendered December 1, 1970, against Worrill on the lease; and payment of judgment June 8, 1971.

We are satisfied that the trial judge, Hon. Thomas L. Camp, was correct in his conclusion which reads: "It is my opinion the statute probably started to run from the time plaintiff determined the equipment was useless and that misrepresentations had been made to him by defendant's agent, and it undoubtedly began to run on the day of tender back 'to everybody' on January 29, 1968." Accordingly the four-year statutory bar had elapsed when the instant suit was filed on June 30, 1972.

3. Appellant argues, however, that the statute of limitation was tolled during the pendency of the General Electric Credit Corporation suit against him. This is on the basis that Worrill could not know how he stood until after disposition of his third-party action by the Court of Appeals. Furthermore, it is argued that he could not know until after the verdict against him in the original action as to the outcome of his counterclaim nor the amount of his damages until that date or the payment by him of that judgment, both being in December 1970.

This contention is answered adversely to appellant in that portion of the second headnote of *Mobley v. Murray County,* 178 Ga. 388, supra, where our Supreme Court says: "The rule that 'The statute of limitations begins to run from the time when a complete cause of action accrues' is not affected by the fact that the result of a pending lawsuit may largely affect a party's rights." Although we have found no case dealing specifically with the impact of a third-party action, the authorities are uniform in holding that pendency of other litigation is no defense to the plea of the statute of limitation. *Gould v. Palmer & Read,* 96 Ga. 798 (22 SE 583); *Raleigh &c. R. Co. v. Western &c. R. Co.,* 6 Ga. App. 616 (65 SE 586); *Whittle v. Harp,* 40 Ga. App. 132 (148 SE 922). See also *Trammell*

*v. Ga. Power Co.*, 52 Ga. App. 514 (183 SE 825).
*Judgment affirmed. Hall, P. J., and Evans, J., concur.*