36706. McLAUGHLIN LUMBER COMPANY, INC. v. COHEN
et al.

JORDAN, Presiding Justice.
On July 7, 1976, McLaughlin Lumber Company, Inc. filed a complaint against Mary A. K. Peek, Fain Peek, and Darryl B. Cohen which alleged, in Count Two, that the three defendants "did enter into a conspiracy to defraud, injure and damage the Company," and that "defendant Cohen, as receiver for the Company, . . . [despite] an extraordinary duty to protect the Company and its assets, . . . failed to have an appraisal made of the personal property of the Company, failed to take bids on the property, and fraudulently sold said furniture and furnishings, having a value in excess of $40,000, to a friend of Mr. Peek for $1200."
On August 27, 1979, McLaughlin Lumber Company, Inc. amended its complaint by deleting Darryl B. Cohen as a defendant to Count Two and filing a Count Five which alleged that Cohen had breached his receivership duty by permitting "the sale of property of the Company at a price of $1200, when said property had a fair market value of not less than $40,000." Count Five further alleged that "Mr. Cohen failed to obtain and preserve an accurate inventory of said property, failed to have the property properly evaluated,

failed to obtain an appraisal of the property, failed to advertise said property and take bids thereon, and otherwise failed to take such steps which he should have done as Receiver for said property."

Cohen filed a motion to dismiss Count Five on the ground that said count was barred by the four-year statute of limitation in Code Ann. § 3-1002. Cohen argued that the four-year statutory period, which runs from "the time . . . the plaintiff could first have maintained his action to a successful result," *Worrill v. Pitney-Bowes,* 128 Ga. App. 741, 743 (197 SE2d 848) (1973), began running no later than the termination of his receivership on June 12, 1975, that Count Five's actual filing date (August 27, 1979) was more than four years after the termination of his receivership, and finally that Count Five was not constructively filed on the actual filing date of Count Two because the claim alleged in Count Five did not arise out of the "conduct, transaction or occurrence" set forth in Count Two (see, Code Ann. § 81A-115 (c)). The trial court granted Cohen's motion and plaintiff appeals. We reverse.

The claim alleged in Count Five arises out of the same transaction as the claim alleged in Count Two. Thus, under Code Ann. § 81A-115 (c), Count Five was constructively filed on the actual filing date of Count Two (July 7, 1976 — within four years of June 12, 1975), and, the trial court erred in dismissing Count Five as barred by Code Ann. § 3-1002.

*Judgment reversed. All the Justices concur, except Undercofler, C. J., who dissents.*

Argued October 14, 1980 — Decided October 29, 1980.

*Chambers & Chambers, John W. Chambers, John W. Chambers, Jr.,* for appellant.

*J. Ralph McClelland, Jr., Kenneth C. Pollock, Bruce H. Beerman, Warren C. Fortson,* for appellees.