39354. KILSHEIMER v. THE STATE et al.

MARSHALL, Presiding Justice.

The State of Georgia and the Department of Human Resources brought suit against Luminous Processes, Inc. (LPI), a Delaware corporation; Radium Chemical Co., Inc. (RCC), a New York corporation; and various officers, directors, and employees of these corporations. The multi-count complaint alleges that in operating a plant in Athens, Georgia, for the painting of luminous watch dials and other instruments, LPI failed to dispose of its radioactive material thereby causing contamination of the plant site. Actual and punitive damages are sought.

James B. Kilsheimer, III, a resident of New York, who was an outside director of LPI and RCC, filed a motion to dismiss for lack of personal jurisdiction. The trial court denied the motion. The Court of Appeals denied his application for interlocutory appeal. We granted his application for certiorari. We reverse.

There are really two interrelated questions in this appeal: (1) Do the facts of this case authorize the plaintiff in piercing the corporate veil so as to sue defendant Kilsheimer in his personal capacity? (2) Has the defendant Kilsheimer transacted business in this state, or committed a tortious act or omission or injury in the state, so as to subject him to the in-personam jurisdiction of the Georgia courts under our long-arm statute, OCGA § 9-10-91 (Code Ann. § 24-113.1)? We conclude that the evidence requires a negative answer to the first question, thereby mandating a negative answer to the second question as well. Therefore, the motion to dismiss should have been granted.

The evidence shows that until 1978, LPI operated a plant in Athens, Georgia, which used certain radioactive material, i.e., radium 226, to paint luminous watch dials and other instruments. RCC sold or leased the radium to LPI. Kilsheimer, a New York attorney, was neither a shareholder nor an officer of LPI, but he served as a director in order to represent the interests of a client of his who was a shareholder. Depositions given by Kilsheimer and Joseph A. Kelly, Jr., who was a shareholder and director of LPI as well as president, show that Kilsheimer was not involved in the day-to-day operations of LPI. However, he was informed at board meetings of steps being taken to decontaminate the Athens site. As a director, he voted to approve LPI's transfer of various assets to RCC in consideration of cancellation of a debt owed by LPI to RCC and in consideration of continuation of advancement of funds required by LPI from RCC. He also voted to approve the sale of a Mexican subsidiary, which was also having problems with radioactive contamination. This sale was approved by the board, because Mexican owners could work better with Mexican authorities and because "the price was right." Kilsheimer was not informed of other decisions concerning the day-to-day operations of LPI.

The plaintiff seeks to hold Kilsheimer, as a director of LPI, personally liable for corporate decisions: to cease operations at the Athens plant site, to transfer assets formerly owned by LPI to others, and to fail to provide sufficient funds or direction so as to de-contaminate the site. *Held:*

It can be said that the cardinal rule of corporate law is that the corporation possesses a legal existence separate and apart from that of its officers, employees, shareholders, and directors. 6 EGL Corporations, § 6 (1978 Rev.). A suit against the corporation cannot proceed against its members in their personal capacities unless some persuasive reason is presented for piercing the corporate veil. See, e.g., *Farmers Whse. of Pelham v. Collins,* 220 Ga. 141, 150 (137 SE2d 619) (1964); *Lincoln Land Co. v. Palfery,* 130 Ga. App. 407, 411 (203

SE2d 597) (1973); Hamilton Bank &c. Co. v. Holliday, 469 FSupp. 1229, 1241 (N. D. Ga. 1979). As to defendant Kilsheimer, no such reason has been presented here.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 8, 1983.

*Jones, Bird & Howell, Earle B. May, Jr.,* for appellant.
*Turnage, Leavell & McDonald, Kirby L. Turnage, Jr., Ken Stula, Keith Casto, Terrence L. Croft, Michael J. Bowers, Attorney General, Barry P. Allen, Assistant Attorney General,* for appellees.