A89A1865. CHENEY et al. v. MOORE.
(387 SE2d 575)

DEEN, Presiding Judge.

Appellant Ouida Cheney and appellee Susan Moore agreed to start a medical supplies retail business under the name C&M Medical Supply, Inc. (C&M). Under the articles of incorporation, drafted by Cheney's attorney, both Cheney and Moore were to be officers, directors, and employees of the company, each was to invest the same amount of money and work the same amount of time, and each was to own 50 percent of the stock. The buy-sell agreement incorporated into the articles provided that, upon either principal's leaving the firm's employ, the corporation would have the option of buying the resigning shareholder's stock at book value.

Less than a month after the business was opened, Moore and Cheney disagreed over how it should be run, and Moore resigned as both officer and employee; the resignation was silent regarding her capacity as director.

The parties' respective accountants met and determined C&M's book value to be approximately $15,000. Appellee Moore's attorney made written demand upon Cheney's attorney for $7,500 as representing the book value of Mrs. Moore's stock. Cheney replied, "There is simply no way I can pay you." Moore then filed an action against the firm seeking what she alleged was due her and also seeking to "pierce the corporate veil" behind which Cheney was allegedly operating the company. She alleged that Cheney had taken a number of *ultra vires* actions, among them the appointment of additional directors and the payment of certain indebtednesses, including those owed to herself. At trial the court directed verdicts against the corporation and against Cheney individually.

Cheney appeals from this judgment, enumerating ten errors having to do with certain evidentiary rulings and jury instructions, as well as the direction of the verdicts and the award of attorney fees. *Held*:

1. Because several of the appellant's enumerations of error are dependent for their viability on rulings regarding another enumeration, or otherwise have an ancillary or overlapping relationship with one another, we shall group for discussion the related enumerations.

Enumerations 2, 3, 4, and 5 challenge evidentiary and other rulings by the trial court involving the applicability of the theory of "piercing the corporate veil" to certain acts of Cheney. "The concept of piercing the corporate veil is applied in Georgia to remedy injus-

tices which arise where a party 'has over extended his privilege in the use of a corporate entity in order to defeat justice, perpet[r]ate fraud or . . . evade contractual or tort responsibility.' " *Hogan v. Mayor &c. of Savannah*, 171 Ga. App. 671, 673 (320 SE2d 555) (1984); *Kelley v. Austell Bldg. Supply*, 164 Ga. App. 322, 326 (297 SE2d 292) (1982). The corporate veil can be pierced by evidence that a person "acted outside the scope of his employment, in disregard of the corporate entity, or in derogation of the corporation." *Energy Contractors v. Ga. Metal &c. Engineering*, 186 Ga. App. 475, 478 (367 SE2d 324) (1988); accord *Alexie, Inc. v. Old South Bottle Shop Corp.*, 179 Ga. App. 190 (345 SE2d 875) (1986). It is well settled that corporate officers and directors have a fiduciary relationship to the corporation and its shareholders and must act in good faith. *Henderson v. KM Systems*, 188 Ga. App. 893 (374 SE2d 550) (1988). There is undisputed evidence that Cheney called directors' meetings without notice to Moore (who had not resigned as director); that she unilaterally appointed additional directors; that she paid certain corporation obligations, including obligations to herself and/or her husband (see also Enumeration 6), without the knowledge or consent of Moore; that she declined to make the corporate records and corporate minute book available to Moore or her representative; transferred corporate stock to her husband's corporation; and took other actions which were either self-serving or in violation of the Georgia Business Corporation Code, OCGA Title 14, Ch. 2 — or both. Compare *Quinn v. Cardiovascular Physicians*, 254 Ga. 216 (326 SE2d 460) (1985).

Cheney's attempts at justifying these actions do not change their nature or, *a fortiori*, the fact that they were done. We find nothing erroneous in the trial court's rulings on these matters, or in awarding directed verdicts. Enumerations 2 through 6 are therefore without merit.

2. Because the validity of Enumerations 1 and 10 depends on our determination in Division 1, supra, it follows that these two enumerations have no merit.

3. Also without merit is appellant's seventh enumeration. The proffered evidence of the effect Cheney's departure had on the business would have been speculative at best, since the corporation had no "track record" to serve as a gauge of lost sales or lost profits. A party claiming lost profits must demonstrate the loss in such manner that it is easily calculable by the jury. *Glennville Hatchery v. Thompson*, 164 Ga. App. 819 (298 SE2d 512) (1982). It cannot be left to speculation, conjecture, or guesswork. Cheney failed to meet this burden.

4. Although it would have been preferable for the court, rather than stating that he was taking defense counsel's word regarding the nature and contents of the buy-sell agreement, either to have had him

take the witness stand or to state in his place the relevant facts, we find that no harm ensued from this unusual procedure. In order to be reversible, an error must be shown to have been prejudicial *Pope v. Propst*, 179 Ga. App. 211, 217 (345 SE2d 880) (1986). The eighth enumeration is also devoid of merit.

5. The requested jury charges on the distinction between par value, book value, and similar terms, as applicable to a corporation's purchase of its own stock, were at best peripheral to the issues in the instant case. Moreover, the award of directed verdicts renders these enumerations moot. Appellant's ninth enumeration is without merit.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 26, 1989.

*Rubin Law Offices, Robert P. Hoyt,* for appellants.
*Wood & Perry, Jere F. Wood,* for appellee.