## A90A0690. BUTLER v. GLEN OAK'S TURF, INC.
### (395 SE2d 277)

SOGNIER, Judge.

Elaine Butler appeals from the dismissal of her tort suit against her former employer, Glen Oak's Turf, Inc.

Butler's complaint was dismissed on the basis that the two-year statute of limitation for personal injuries, OCGA § 9-3-33, had run. In her complaint Butler alleged she was injured in a work related accident on May 18, 1987. It is uncontroverted that Butler thereupon proceeded under the Workers' Compensation Act, OCGA § 34-9-1 et seq. (the Act), and was awarded benefits thereunder by the administrative law judge (ALJ). On de novo review, the State Board of Workers' Compensation adopted the award of the ALJ, and on appeal to the superior court, the board's award of benefits was affirmed. In *Glen Oak's Turf v. Butler*, 191 Ga. App. 840 (383 SE2d 203) (1989), this court reversed the superior court's affirmance of the award on the basis that Butler was a "farm laborer" who was excluded from workers' compensation coverage pursuant to OCGA § 34-9-2 (a). That decision was rendered June 7, 1989; on July 14, 1989, Butler filed the instant suit.

We agree with appellee that appellant's cause of action vested on May 18, 1987 when appellant was injured by a forklift turning over on her, see generally *Synalloy Corp. v. Newton*, 254 Ga. 174, 177 (2) (326 SE2d 470) (1985), and under OCGA § 9-3-33 the statute of limitation began to run from that date. We thus find no merit in appellant's argument that the statute of limitation did not begin to run until we handed down our opinion in *Glen Oak's Turf*, supra, on June 7, 1989.

However, we do not agree with the argument presented by appellee, and accepted by the trial court, that the proceedings instituted by appellant pursuant to the Workers' Compensation Act had no impact on the running of the statute of limitation on appellant's common law tort case. Although this issue appears to be of first impression in Georgia, other states have addressed the matter. We find most persuasive the holding of the Supreme Court of California in *Elkins v. Derby*, 525 P2d 81 (SC Cal. 1974), which addressed the identical issue, whether the statute of limitation on a plaintiff's personal injury action was tolled for the period during which the plaintiff pursued his workers' compensation remedy against the defendant. In that case the plaintiff, injured while working on the defendants' premises, reasonably and in good faith filed a timely claim for benefits with the California Workmen's Compensation Appeals Board. The Board determined

after several months that the plaintiff was not covered because he was not an "employee" at the time of his injury. Shortly after the Board's order became final the plaintiff filed his civil action which, not having been filed within a year of the injury, was held barred by the applicable statute of limitation. As in the case sub judice, the defendants in *Elkins* argued that the dismissal of the plaintiff's claim was proper because the plaintiff could have preserved his rights despite the statute of limitation by simultaneously commencing a civil action and a compensation claim. The California court held that "the statute [of limitation] may properly be tolled for the period during which plaintiff pursued his compensation remedy. . . . [A]n awkward duplication of procedures is not necessary to serve the fundamental purpose of the limitations statute, which is to insure timely notice to an adverse party so that he can assemble a defense when the facts are still fresh. The filing of a compensation claim accomplishes this purpose and the tolling of the statute does not frustrate it. Moreover, nothing in the cases forecloses a rule that the statute is tolled during the pendency of compensation proceedings. . . . Defendants' suggested duplicative procedures would impose a heavy burden on all concerned. Such procedures would entail the filing of cases in our heavily burdened superior courts that would be mooted whenever the board decided it had jurisdiction to grant relief. Such procedures also would impose upon the claimant the burden of alleging contradictory pleas, for example, that he both was and was not an employee at the time of his injury or that his injury both did and did not arise from the course of his employment. Although the workmen's compensation system seeks to establish a nontechnical means to recover for industrial injuries a dual filing requirement presupposes a professional knowledge without which the worker would forfeit all right to recover." Id. at 82-83. See also Larson, Law of Workmen's Compensation, Volume 2A § 67.31 (1989). While an opposite conclusion was reached by the Supreme Court of Washington in *Winston v. Wines*, 351 P2d 929 (SC Wash. 1960), we note that in that case, the injury occurred April 29, 1955; the plaintiff's workers' compensation claim was denied in January 1956 at the initial stage of the procedure to obtain such benefits; the plaintiff appealed the denial to both the board of industrial insurance appeals and the superior court, both of which affirmed the denial of his claim; and the plaintiff did not file his civil suit until March 1958, nearly three years after the injury and 26 months after his workers' compensation claim was first rejected. That case is thus distinguishable from the case at bar, where appellant's claim for workers' compensation benefits was successfully received by the ALJ, the Board, and the superior court.

Georgia case law supports the rule set forth in *Elkins*, supra. In *Bishop v. Weems*, 118 Ga. App. 180 (162 SE2d 879) (1968), the plain-

tiff brought a wrongful death claim against her husband's employer. The employer asserted the claim was barred because the plaintiff's exclusive remedy was under the Workers' Compensation Act and moved for summary judgment on the basis that the tort action had to abate because the claim was pending before the board. This court noted that while a defendant may assert coverage under the Act as a bar to a common law negligence action against him arising out of the same occurrence, in order to sustain such assertion one had to plead and prove coverage under the Act. "If there were an award of compensation it would, of course, be an adjudication of coverage and *consequently a bar to a common law action.*" (Emphasis supplied.) Id. at 181 (4). In the case at bar, the initiation of appellant's claim for benefits under the Act resulted in an adjudication of coverage by the ALJ which served to bar appellant's common law negligence claim. See *Venable v. John P. King Mfg. Co.,* 174 Ga. App. 800, 803 (331 SE2d 638) (1985). Thus, while appellant could have filed her negligence claim against appellee immediately after her injury, appellee would have been entitled to a grant of summary judgment in its favor on the basis of the ALJ's award. Id. We stress that in the case sub judice the workers' compensation claimant was ultimately denied benefits on the basis that she was not covered under the Act, not, as in *Venable,* supra, on the basis that, while covered, she was not entitled to compensation.

As noted by Professor Larson in his treatise on workers' compensation, "[t]he most troublesome question that emerges from the various situations in which an action [by an employee] at law may lie — or may be thought to lie — against the employer is this: if the employee pursues one remedy to a fruitless conclusion, is he barred by his election from pursuing the other? The majority of cases have held that an unsuccessful damage suit does not bar a compensation claim, and that an unsuccessful compensation claim does not bar a damage suit. . . . Unquestionably, the majority rule is the only view that effectuates the purposes of the legislation, whatever arguments may be raised against it based on literal wording of statutes or on the technical application of the election doctrine at some stages of the common law. Workmen's compensation is above all a security system; a strict election doctrine transforms it into a grandiose sort of double-or-nothing gamble. Such gambles are appealing to those who still think of the judicial process as a glorious game in which formal moves and choices are made at peril, and in which the ultimate result is spectacular victory for one side and utter defeat for the other. The stricken workman is in no mood for this kind of play, and should not be maneuvered into the necessity for gambling with his rights, under the guise of enforcing a supposed penalty against the employer." (Footnotes omitted.) Larson, supra. Or, to adopt the language of the Court

of Special Appeals of Maryland, " 'Catch 22' may have carved a niche in the annals of contemporary American literature, but it shall not have a counterpart in contemporary [Georgia] civil litigation.' " (Footnote omitted.) *Haynie v. Nat. Gypsum Corp.*, 490 A2d 724, 725 (Md. App. 1985).

Accordingly, we hold that because appellant was legally barred from pursuing her common law claim against appellee from the date the ALJ found she was covered by the Act (apparently in August 1987, although the precise date of the award is not established in the record) until June 7, 1989, the date this court held that appellant was not covered by the Act and reversed the superior court's judgment affirming the coverage and award made by the Board and the ALJ, the statute of limitation was tolled during that period. (Similarly, the statute of limitation has been suspended during the pendency of the appeal of the case at bar to this court. *Yield, Inc. v. City of Atlanta*, 152 Ga. App. 171, 173 (1) (262 SE2d 481) (1979).) To hold otherwise would place appellant in an intolerable " 'Catch 22' " situation and would be inequitable in view of appellant's active pursuit of a recovery for her injuries under a mistake of law that was not corrected until the issue was brought before this court. See generally *Adams v. Guerard*, 29 Ga. 651, 673-674 (2) (76 AD 624) (1860).

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 29, 1990 —
REHEARING DENIED JUNE 22, 1990 — CERT. APPLIED FOR.

*Macklyn A. Smith*, for appellant.
*Freeman & Hawkins, Warner S. Fox, Carey E. Fox*, for appellee.

