A93A2475. McCABE v. GARRETT.
(440 SE2d 734)

POPE, Chief Judge.

Plaintiff James Timothy McCabe appeals from the trial court's grant of partial summary judgment in favor of defendant Glen A. Garrett. McCabe contends the trial court erred in ruling that his unsuccessful appeal to this court in *McCabe v. Lundell*, 199 Ga. App. 639 (405 SE2d 693) (1991) from the denial of his motion to add Garrett as a party defendant to his counterclaim in that case did not toll the running of the applicable statute of limitation for claims he seeks to assert in this case against Garrett.[1]

We agree with the trial court that this case is controlled by our decision in *Worrill v. Pitney-Bowes, Inc.*, 128 Ga. App. 741 (197 SE2d 848) (1973). As in this case, the plaintiff in *Worrill* was defendant in an earlier action and sought to add a third-party defendant. The putative third-party defendant filed a motion to dismiss the complaint, which was granted by the trial court. An appeal to this court followed and we affirmed the trial court's ruling. After termination of that suit, the defendant in the original action filed a separate suit against the company he had sought to add as a third-party defendant in the original suit. That party filed a motion for summary judgment on the basis that the applicable statute of limitation for the claim against it had expired. The trial court granted that motion and an appeal followed. On appeal, the plaintiff argued the statute of limitation was tolled during the pendency of the first case against him because he

---

[1] Although McCabe asserts seven separate enumerations of error concerning that ruling, all enumerations are interrelated and will be discussed together.

"could not know how he stood until after disposition of his third-party action by the Court of Appeals." Id. at 744 (3). We held that " '[t]he rule that "[t]he statute of limitations begins to run from the time when a complete cause of action accrues" is not affected by the fact that the result of a pending lawsuit may largely affect a party's rights." ' " Id. (Quoting *Mobley v. Murray County*, 178 Ga. 388, hn. 1 (173 SE 680) (1934).) See also *Baldwin v. Happy Herman's, Inc.*, 122 Ga. App. 520 (177 SE2d 814) (1970).

McCabe's reliance on our decisions in *Butler v. Glen Oak's Turf*, 196 Ga. App. 98 (395 SE2d 277) (1990) and *Yield, Inc. v. City of Atlanta*, 152 Ga. App. 171 (262 SE2d 481) (1979) is misplaced as those cases involved the question of whether the statute of limitation was tolled during a pending action involving the *same parties* as the later suit. *Butler* is further distinguished because the plaintiff was pursuing a workers' compensation claim and could not simultaneously pursue a personal injury claim. *Yield* involved a petition for renewal which was not timely filed and cannot control here. In this case no valid action was ever commenced against Garrett by McCabe; therefore, he cannot be considered a party to the *McCabe v. Lundell*, supra, litigation. It is well-settled that the mere filing of a claim does not in itself toll the running of a statute of limitation, but the named defendant must be timely served *and duly brought into court*. See, e.g., *Staggs v. Wang*, 185 Ga. App. 310, 311 (1) (363 SE2d 808) (1987). As Garrett was never brought into court in *McCabe v. Lundell*, supra, the applicable statute of limitation was not tolled as to any claim McCabe now seeks to assert against Garrett in this case.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 4, 1994.

*Donald A. Weissman, Marc P. Lubatkin*, for appellant.
*Richard L. Moore*, for appellee.