A94A0631. MITCHAM v. BLALOCK et al.
(447 SE2d 83)

McMURRAY, Presiding Judge.

Michael Mitcham (plaintiff) maintained accounts at Atlanta Securities & Investments, Inc. ("ASI") at a time when William J. Blalock, Charles Lee Bradley, Rollo Fredrick Ingram and John Ringo (defendants) were corporate officers and directors of ASI. However, the value of plaintiff's accounts dwindled under the supervision and control of ASI Investment Broker Fred H. Jones, Jr., and plaintiff filed for arbitration (in accordance with standards set by the National Association of Securities Dealers, Inc.) and alleged that his losses were caused by unlawful, fraudulent and deceitful acts of Jones and careless supervision, control and management of ASI by defendants. The arbitration petition was dismissed as to defendants because of lack of notice and proceeded against Jones and ASI, resulting in a $60,000 award for plaintiff on June 25, 1991. Plaintiff subsequently filed a multi-count action against defendants in the Superior Court of DeKalb County, Georgia, alleging in Count 7 of an amended complaint that defendants are responsible for his losses because they failed to properly control and supervise Jones as required by the Georgia Securities Act of 1973, OCGA § 10-5-14 (c). Plaintiff further

alleges that defendants are jointly and severally liable for plaintiff's losses under the doctrine of respondeat superior (Counts 8 and 9) and that defendants breached fiduciary duties as corporate officers and directors of ASI (Count 10).

On September 29, 1992, the trial court granted defendant Ingram's motion to compel discovery and directed plaintiff's attorney to "pay $300 to counsel for Defendant Ingram . . . within thirty (30) days of the date of this Order, said sum representing the time spent by Defendant Ingram's counsel in Court on Monday, September 28, 1992." The trial court reserved "ruling on the amount of attorneys' fees and expenses to be awarded which were associated with obtaining this Order as requested by counsel for Ingram pursuant to [OCGA] § 9-11-37, pending submission of an affidavit by Defendant Ingram's counsel." The trial court then directed "counsel for Ingram [to] submit said affidavit to the Court by Monday, October 5, 1992, with a copy (via telecopy) to counsel for Plaintiff."

On January 20, 1993, the trial court granted summary judgment in favor of defendant Ingram as to plaintiff's claim under the Georgia Securities Act of 1973 (Count 7) and, on March 1, 1993, the trial court ordered plaintiff to pay "*$1286.25* to counsel for Defendant Ingram . . . within ten (10) days of the date of this Order, said sum representing the award of the attorneys' fees expenses incurred in obtaining the Order of this Court compelling Plaintiff to submit full and separate answers to Defendant Ingram's First Interrogatories. . . ."

On March 29, 1993, defendant Ingram filed a motion to dismiss plaintiff's complaint or, in the alternative, to hold plaintiff in contempt for failing to pay $1,286.25 in attorney fees within ten days of the trial court's order of March 1, 1993. The trial court granted this motion, finding "that Plaintiff willfully failed to obey the Order of this Court . . . filed March 1, 1993, and after hearing argument of counsel and affording Plaintiff an opportunity to present evidence of poverty and no such evidence being presented, the Court hereby orders and decrees that the complaint against [defendant] Ingram be dismissed with prejudice."

On May 4, 1993, the trial court granted partial summary judgment in favor of defendants Blalock, Bradley and Ringo as to plaintiff's claim under the Georgia Securities Act of 1973 (Count 7). On September 15, 1993, the trial court granted summary judgment in favor of defendants Blalock, Bradley and Ringo as to Counts 8, 9 and 10 of the complaint. This appeal followed. *Held*:

1. Plaintiff contends the trial court erred in granting summary judgment in favor of defendants as to his claim under the Georgia Securities Act of 1973 (Count 7).

"With respect to the purchase, sale, or offer to purchase or sell a security, no person may sue under [OCGA § 10-5-14] more than two

years from the date of the contract for sale or sale, if there is no contract for sale." OCGA § 10-5-14 (d). It is undisputed that plaintiff filed the case sub judice on September 16, 1991, and that the last trade Jones executed on plaintiff's behalf was in "mid May of 1989." Further, plaintiff admits (in a brief filed in opposition to summary judgment) that he was aware of the alleged deceitful and fraudulent acts which form the basis of Count 7 of his complaint in "early 1989." It thus appears that plaintiff's claim against defendants under OCGA § 10-5-14 (c), is barred by the applicable two-year statute of limitation. Nonetheless, plaintiff contends that an arbitration claim he allegedly asserted against ASI, Jones and defendants in June 1990 tolled the statute of limitation until the arbitration concluded on June 25, 1991. This contention is without merit.

In *Butler v. Glen Oak's Turf*, 196 Ga. App. 98 (395 SE2d 277), this court held that the two-year statute of limitation in an employee's tort claim against her employer was tolled during the employee's pursuit of an unsuccessful workers' compensation claim. Id. at 101, supra. In *Butler*, this court adopted reasoning that the purpose of the statute of limitation was accomplished because the employer was placed on notice of the employee's alleged injuries within the applicable limitation period by virtue of the pending workers' compensation claim. *Butler v. Glen Oak's Turf*, 196 Ga. App. 98, 99, supra. The same reasoning does not apply in the case sub judice as plaintiff admits (in his complaint) that defendants were dismissed as parties to the arbitration because they were never served with notice of the time, date and location of the arbitration. Under these circumstances, we cannot say that the two-year statute of limitation with regard to plaintiff's claim under OCGA § 10-5-14 (c) was tolled during the arbitration against ASI and Jones. Consequently, the trial court did not err in granting summary judgment in favor of defendants as to Count 7 of plaintiff's complaint.

2. Next, plaintiff contends the amount of the attorney fees awarded by the trial court was not supported by sufficient evidence. We agree.

" 'An award of attorney fees is unauthorized if [defendant Ingram] failed to prove the actual costs of the attorney and the reasonableness of those costs. (Cit.)' *Fiat Auto U.S.A. v. Hollums*, 185 Ga. App. 113, 116 (5) (363 SE2d 312) (1987)." *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606). In the case sub judice, defendant Ingram submitted billing sheets sent to him by his attorney with the affidavit of his attorney, Michael K. Wolensky, in support of his claim for attorney fees. Attorney Wolensky deposed that 13.5 hours of services provided by two attorneys and a paralegal were reasonably worth $1,286.25 and that these services were necessary to press a motion to compel on behalf of defendant Ingram. At-

torney Wolensky then deposed that he expended a quarter of an hour (at a rate of $205 per hour) reviewing the motion to compel and he enumerates in his affidavit billings allegedly entered by an "Associate" (11.25 hours at $100 per hour) and a "Paralegal" (2 hours at $55 per hour) in executing the motion to compel. However, differences seem to appear between certain notations explaining services rendered in the billing statements sent to defendant Ingram and explanations for billing what appears to be the same time in attorney Wolensky's affidavit. Further, it is apparent that the statements regarding the billings of the associate attorney and the paralegal were not based upon attorney Wolensky's personal knowledge, but were based upon information given to him by others. Such evidence is hearsay, and hearsay, even when admitted into evidence without objection, lacks probative value to establish any fact. *Howell Mill/Collier Assoc. v. Pennypacker's*, 194 Ga. App. 169, 171 (2) (390 SE2d 257). Moreover, the time entries in the billing statements in attorney Wolensky's affidavit and the billing statements attached to the affidavit include brief notations that a conference was held; that letters were received, reviewed and written; that telephone calls were conducted; that a conference was conducted between attorney Wolensky and an associate attorney; that research was performed; that a motion and brief were drafted, revised and reviewed; that time was spent in preparation for a hearing; that an order was drafted (apparently for the trial court); that time was spent waiting at the courthouse and traveling to the courthouse and that an associate attorney reviewed local rules of court. "Such broad statements fail to demonstrate the function or substance of the task with sufficient particularity to permit the court to distinguish between time and expenses attributable to the successful [motion to compel discovery] and time and expenses attributable to . . . other [aspects of defendant Ingram's defense]." *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402, supra. Additionally, there is no indication that attorney Wolensky, the associate attorney who purportedly billed out most of the hours relevant to defendant Ingram's motion to compel or the paralegal who was attributed with two hours of pertinent billings were made available for cross-examination.

"A determination of the amount of an award of attorney fees cannot be based on guesswork. See generally *Wahnschaff Corp. v. O. E. Clark Paper Box Co.*, 166 Ga. App. 242, 244 (2) (304 SE2d 91) (1983)." *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402, supra. Such an award must be based on competent evidence, not inadmissible hearsay. See *Short & Paulk Supply Co. v. Dykes*, 120 Ga. App. 639, 643 (3), 646 (171 SE2d 782) (1969); *Copelan v. Burrell*, 174 Ga. App. 63, 64 (2), 65 (329 SE2d 174). A party opposing a claim for attorney fees has a basic right to confront and challenge testimony

as to the value and need for legal services. See *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402, supra. This is particularly true where, as in the case sub judice, it is alleged that extensive billings are necessary for pressing a relatively simple matter and where unexplained inconsistencies appear to exist between billing statements to a client and an affidavit filed in support of a claim for attorney fees. Consequently, since there was no admissible evidence supporting the trial court's award of attorney fees in the amount of $1,286.25 and since plaintiff was not provided opportunity to cross-examine the two attorneys and the paralegal who purportedly worked-up the motion to compel, the trial court's award of attorney fees in the amount of $1,286.25 was not authorized. This award must therefore be vacated and the case remanded for an evidentiary hearing to establish the amount of attorney fees attributable to defendant Ingram's motion to compel. See *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402, supra.

3. In his third enumeration, plaintiff contends the trial court erred in dismissing Counts 8, 9 and 10 of the complaint because he wilfully failed to obey the trial court's order to pay attorney fees in the amount of $1,286.25 within 10 days of March 1, 1993.

" 'A voidable or erroneous order cannot be disregarded; it is valid and enforceable until set aside. 60 CJS Motions and Orders § 65 (d). Moreover, unlike a void order, a merely erroneous order will support rights, remedies and proceedings predicated thereon. See 60 CJS Motions and Orders § 65 (e).' *Golden Key Restaurant & Lounge v. Key Management Corp.*, 137 Ga. App. 251, 253 (2) (223 SE2d 284)." *Mathews v. City of Atlanta*, 167 Ga. App. 168, 169 (306 SE2d 3). Consequently, the fact that the trial court's order awarding attorney fees in the amount of $1,286.25 was not supported by competent evidence (as held in Division 2 of the opinion) does not diminish plaintiff's duty to comply with the trial court's directive to pay the attorney fees within ten days of March 1, 1993. However, "a dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interest of justice. *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F2d 241, 247 (6)." *Mathews v. City of Atlanta*, 167 Ga. App. 168, 169, supra. Applying this standard in the case sub judice, we do not find a clear record of contumacious conduct by plaintiff. Although plaintiff did not pay $1,286.25 to defendant Ingram's attorney within ten days of March 1, 1993, plaintiff paid defendant Ingram's attorney $1,286.25 before the hearing on defendant Ingram's motion to dismiss plaintiff's complaint or, in the alternative, to hold plaintiff in contempt for failing to pay the attorney fees within ten days of the trial court's order of March 1, 1993. Moreover, plaintiff did not ignore the trial court's order as in *Mathews v. City of Atlanta*, 167 Ga. App. 168, 169, supra.

On the contrary, plaintiff's attorney explained (in a letter to the trial court) that his client could not come up with $1,286.25 on such short notice. Under these circumstances and in light of our holding in Division 2 of this opinion, we find dismissal of plaintiff's complaint pursuant to OCGA § 9-11-37 (b) (2) (C) too harsh a sanction. See *Campbell v. Gormley*, 185 Ga. 65, 66 (2) (194 SE 177). Consequently, the trial court erred in dismissing plaintiff's complaint because plaintiff failed to obey the trial court's order to pay attorney fees in the amount of $1,286.25 within ten days of March 1, 1993. See *Serwitz v. Gen. Elec. Credit Corp.*, 184 Ga. App. 632, 633 (362 SE2d 439).

4. Plaintiff contends the trial court erred in granting summary judgment in favor of defendants Blalock, Bradley and Ringo as to Counts 8, 9 and 10 of his complaint.

" 'An inherent purpose of incorporation is insulation from liability. A corporation possesses a legal existence separate and apart from that of its officers and share-holders so that the operation of a corporate business does not render officers and shareholders personally liable for corporate acts. (Cit.)' *Derbyshire v. United Bldrs. Supplies,* 194 Ga. App. 840, 844 (392 SE2d 37)." *Commonwealth Financial Corp. v. Sherrill*, 197 Ga. App. 403 (1) (398 SE2d 438). Further, the Georgia Supreme Court has "said that the cardinal rule of corporate law is that the corporation possesses a legal existence separate and apart from that of its officers, employees, shareholders, and directors. 6 EGL Corporations, § 6 (1978 Rev.). A suit against the corporation cannot proceed against its members in their personal capacities unless some persuasive reason is presented for piercing the corporate veil. See, e.g., *Farmers Whse. of Pelham v. Collins*, 220 Ga. 141, 150 (137 SE2d 619) (1964); *Lincoln Land Co. v. Palfery*, 130 Ga. App. 407, 411 (203 SE2d 597) (1973); *Hamilton Bank &c. Co. v. Holliday*, 469 FSupp. 1229, 1241 (N.D. Ga. 1979)." *Kilsheimer v. State*, 250 Ga. 549, 550 (299 SE2d 733).

" 'The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party has over extended his privilege in the use of a corporate entity in order to defeat justice, perpetrate fraud, or evade contractual or tort responsibility.' (Punctuation and citation omitted.) *Cheney v. Moore*, 193 Ga. App. 312-313 (387 SE2d 575)." *Commonwealth Financial Corp. v. Sherrill*, 197 Ga. App. 403 (1), 404, supra. In the case sub judice, plaintiff presented affidavits from two experts in the field of securities management supporting his claim that defendants' management of ASI was far below industry standards. However, plaintiff presented no evidence that defendants disregarded separation of the corporate entity by commingling assets or abuses of the corporate form. Nonetheless, plaintiff argues that evidence of defendants' substandard management of ASI and the $60,000 arbitration award against ASI and Jones authorized a

finding that defendants are personally liable for his losses. This argument is without merit.

" ' "(A)n officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor, but an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or co-operated therein." (Cit.)' *Lincoln Land Co. v. Palfery*, 130 Ga. App. 407, 411 (1a) (203 SE2d 597) (1973)." *Smith v. Hawks*, 182 Ga. App. 379, 384 (4), 385 (355 SE2d 669). In the case sub judice, plaintiff presented no evidence that defendants misappropriated plaintiff's accounts or duped plaintiff into believing that his investments were fruitful and sound. On the contrary, it is undisputed that plaintiff had no direct contact with defendants regarding management of his accounts. Consequently, there is no basis for holding defendants jointly and severally liable under the doctrine of respondeat superior or under plaintiff's claim that defendants breached fiduciary duties by negligently carrying out responsibilities as officers and directors of ASI. *Kilsheimer v. State*, 250 Ga. 549, supra. *Commonwealth Financial Corp. v. Sherrill*, 197 Ga. App. 403 (1), supra.

The trial court did not err in granting summary judgment in favor of defendants Blalock, Bradley and Ringo as to Counts 8, 9 and 10 of plaintiff's amended complaint.

5. In his final enumeration, plaintiff contends the trial court erred in denying his motion for reconsideration, arguing that defendants are precluded from disputing their alleged reckless conduct in managing ASI pursuant to the doctrine of estoppel by judgment. In support of this contention, plaintiff points out that a $60,000 arbitration award was entered against ASI and Jones. This contention is without merit as it is undisputed that defendants were not parties to the arbitration. See *Blackwell v. Ga. Real Estate Comm.*, 205 Ga. App. 233 (421 SE2d 716).

*Judgment affirmed in part and reversed in part and case remanded. Pope, C. J., and Smith, J., concur.*

DECIDED JUNE 30, 1994 —
RECONSIDERATION DENIED JULY 15, 1994

*Land, McKnight & Cohen, Robert H. McKnight, Jr.*, for appellant.

*Bruce C. Bailey, Michael K. Wolensky, Kutak & Rock, Angela M. Gottsche, Tinkler & Groff, William P. Tinkler, Jr.*, for appellees.