[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13061
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 3, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00001-CV-4

ANGELA DENISE THOMAS,

Plaintiff-Appellant,

versus

A. MARK LEE,
COMMISSIONERS OF EFFINGHAM COUNTY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 3, 2008)

Before HULL, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff Angela Denise Thomas appeals the district court's order dismissing as time-barred her federal due process claims, brought pursuant to 42 U.S.C. § 1983. After review, we affirm.

## I. BACKGROUND

### A. Termination of Thomas

Thomas was employed as an administrative assistant to defendant A. Mark Lee, the Solicitor General of Effingham County. On June 21, 2005, Lee personally informed Thomas that she was terminated for making disparaging remarks about county officials and improperly using the county's computers. Thomas immediately requested a hearing. Lee denied Thomas's request on grounds that she was not a merit system employee subject to the county's personnel rules. On the same day, Lee sent Thomas a letter confirming her termination.

Thomas submitted a formal written request, dated June 21, 2005, to Lee and Effingham County's human resources director to appeal her discharge. On June 22, 2005, Lee sent Thomas another letter reiterating and elaborating upon the grounds for her dismissal. On June 29, 2005, Thomas sent a second appeal request, stating that if she did not receive a response within five days, she would deem the appeal denied. Thomas received no response to her second request.

2

**B. Thomas's Unemployment Compensation Claim**

Thomas sought unemployment compensation benefits from the Georgia Department of Labor ("GDOL"). On July 13, 2005, an administrative officer denied Thomas benefits. Thomas appealed and, on January 26, 2007, GDOL's Board of Review affirmed the denial of benefits.

Thomas appealed GDOL's decision to the Superior Court of Effingham County. On June 5, 2007, the Superior Court granted partial summary judgment, concluding that: (1) Thomas was subject to Effingham County civil service policies, and her termination was contrary to those policies because Lee did not have the authority to discharge Thomas without approval from the human resources department and the county administrator; and (2) Thomas was entitled to a discharge hearing to determine whether she could be discharged for cause. That action remains pending to determine the amount of unemployment compensation Thomas is due.

**C. Thomas's § 1983 Action**

On November 30, 2007, Thomas filed this separate action in the Superior Court of Effingham County against Lee and Effingham County Board of Commissioners. Thomas's complaint asserted, pursuant to § 1983, a claim that her due process rights were violated when she was terminated without a hearing.

3

The complaint also sought a writ of mandamus pursuant to O.C.G.A. § 9-6-20 to compel Effingham County to hold a hearing on her termination and asserted against Lee a claim of tortious interference with her employment contract. The defendants removed the action to federal court.

The district court granted the defendants' motion to dismiss Thomas's § 1983 due process claims, concluding that they were brought outside the applicable two-year statute of limitations. The district court declined to exercise supplemental jurisdiction over Thomas's state law claims and remanded them to the Effingham County Superior Court. Thomas filed this appeal.[1]

## II. DISCUSSION

Thomas argues that Georgia's four-year statute of limitations for injuries to personalty governs her § 1983 claim. However, it is well-settled that § 1983 actions filed in Georgia are governed by Georgia's two-year statute of limitations for personal injury claims. See Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Furthermore, when the § 1983 claim relates to an unlawful

---

[1]We review de novo a district court's dismissal of a claim as barred by the statute of limitations. Jackson v. Astrue, 506 F.3d 1349, 1352 (11th Cir. 2007). Thomas does not challenge the district court's refusal to exercise supplemental jurisdiction and remand of the state law claims to the Effingham County Superior Court. Although Thomas's brief states in passing that she appeals the district court's order assessing costs of $350, she offers no substantive argument as to why this ruling was erroneous and thus has abandoned this claim. See Doe v. Moore, 410 F.3d 1337, 1349 n.10 (11th Cir. 2005).

4

termination, the limitations period begins to run when the termination decision is made and communicated to the employee. Chardon v. Fernandez, 454 U.S. 6, 8, 102 S. Ct. 28, 29 (1981).

Lee told Thomas she was terminated on June 21, 2005. Thus, Thomas had until June 21, 2007 to file her § 1983 due process claim. Thomas did not file this action until November 30, 2007, five months too late.

Thomas argues that her claim did not accrue until June 5, 2007, when the Superior Court ruled that she was a county employee entitled to civil service protection and she became "aware of her property right status." She also argues that the limitations period was "tolled" while she pursued her unemployment compensation claim.

Thomas's accrual argument is foreclosed by Chardon. See Chardon, 454 U.S. at 8; 102 S. Ct. at 29 (explaining that the proper focus is on the alleged unlawful employment act, "not the point at which the consequences of the act become painful"). The alleged due process violation occurred on June 21, 2005 when Thomas was fired without a hearing. Thomas knew she was fired without a hearing because Lee told her so at the time and also sent her a letter confirming this fact. Thus, Thomas's claim accrued on June 21, 2005.

Thomas's tolling argument also fails. For § 1983 claims, we borrow not

only the state's statute of limitations, but also its body of tolling rules unless it is inconsistent with the federal policy underlying the claim. See Bd. of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 484-86, 100 S. Ct. 1790, 1795-96 (1980); see also Hawthorne v. Wells, 761 F.2d 1514, 1515 (11th Cir. 1985). As a general proposition of Georgia law, other pending lawsuits, even if they may affect the parties rights, do not toll a statute of limitations. See McCabe v. Garrett, 211 Ga. App. 848, 848, 440 S.E.2d 734, 735 (1994) ("[T]he rule that the statute of limitations begins to run from the time when a complete cause of action accrues is not affected by the fact that the result of a pending lawsuit may largely affect a party's rights.") (quoting Worrill v. Pitney-Bowes, Inc., 128 Ga. App. 741, 744, 197 S.E.2d 848, 850-51 (1973)). Thomas also does not point to any Georgia tolling rule that pursuit of an unemployment insurance claim somehow tolls the statute of limitations on her due process claim.

Given that Thomas did not file her § 1983 due process claim within the two-year limitations period and did not show circumstances warranting the tolling of the limitations period, the district court properly dismissed Thomas's § 1983 due process claim.

**AFFIRMED.**