**Veronica FULLER, GDC No. 1150199, Plaintiff,**

v.

**Senator David ACKLMAN, Senator Bill Cowsert, Senator Mitchell Seabaugh, Senator John Crosby, Senator Vincent Fort, Senator John Wiles, Senator Judson Hill, Senator Kasim Reed, and Senator Robert Brown, in their official capacities, Defendants.**

Civil Action No. 1:09–CV–909–RLV.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 21, 2009.

Veronica Fuller, Hawkinsville, GA, pro se.

## ORDER

ROBERT L. VINING, JR., District Judge.

Veronica Fuller, an inmate in Pulaski State Prison in Hawkinsville, Georgia, filed a Civil Rights Complaint Under 42 U.S.C. § 1983 (Doc. 1) and an Affidavit in Support of Request to Proceed *In Forma Pauperis* (Doc. 2). For the purpose of dismissal only, Fuller's request to proceed *in forma pauperis* (Doc. 2) is **GRANTED.**

In this § 1983 action, Fuller seeks a determination that Georgia's felony murder laws are unconstitutional and she has sued, in their official capacities, certain Georgia legislators who are members of the Georgia Senate's Judiciary Committee. For the reasons set forth below, Fuller's complaint must be dismissed.[1]

This Court is required to screen complaints filed by prisoners in civil actions that "seek[ ] redress from a governmental entity or officer or employee of a governmental entity [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted [or] seeks monetary relief from a defen-

dant who is immune from such relief." 28 U.S.C. § 1915A.

▬ Fuller has failed to state a claim upon which relief may be granted. In a § 1983 action, a prisoner may not challenge the constitutionality of his or her conviction. *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Rather, challenges to "the fact or duration of confinement [that] seek [ ] immediate or speedier release" must be brought in habeas corpus proceedings, "even though such a claim may come within the literal terms of § 1983." *Id.* at 481, 114 S.Ct. 2364 (citing *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).

▬ A § 1983 action may not be employed to avoid "the procedural limitations of the federal habeas statute." *Nelson v. Campbell,* 541 U.S. 637, 646, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004) (citing *Muhammad v. Close,* 540 U.S. 749, 751, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004)). Among the 'procedural limitations' in habeas corpus proceedings is a requirement that a habeas petition be filed within one year of four specified events. *See* 28 U.S.C. § 2244(d)(1). The event that most frequently marks the start of the one-year limitations period is "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). In Fuller's case, that was in 2005. There is no indication in her complaint that she pursued state habeas relief that might

---

1. The following background is drawn from the Georgia Supreme Court's opinion in Fuller's direct appeal. On July 9, 2002, Fuller and a friend tracked down Wilbert White in a park in downtown Atlanta. Brandishing a knife, Fuller demanded that White repay thirty dollars that she had given him earlier. White did not reply. Fuller again demanded the money, saying she would "f* *k him up." After White told Fuller that he did not have her money, Fuller lunged and stabbed him in the stomach. Fuller then told White she

would kill him if he did not have her money the next time she saw him. The wounds Fuller had already inflicted on White proved fatal, and he died on a nearby sidewalk. In November 2003, a jury acquitted Fuller of malice murder, involuntary manslaughter, and making terroristic threats, but found Fuller guilty of, among other things, felony murder and aggravated assault. She was sentenced to life in prison. *Fuller v. State,* 278 Ga. 812, 607 S.E.2d 581, 583 (2005).

have tolled that one-year limitations period. For that reason, this Court will not construe Fuller's complaint as a petition for habeas corpus.[2]

 Even if Fuller could maintain a § 1983 action challenging the constitutionality of her convictions, she has named as defendants only certain Georgia state legislators who are members of the Georgia Senate's Judiciary Committee, and she specifically sued them "in their official capacities" (Doc. 1). Suits against persons in their official capacity are actually suits against the governmental entity they represent. *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

Thus, in suing the state legislators in their official capacities, the plaintiff is actually suing the state of Georgia. However, the Supreme Court has specifically held that a state is not a person for purposes of § 1983 and is, therefore, not amenable to suit under section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

To the extent that Fuller is seeking injunctive relief against the defendants in their legislative capacities, her claims are apparently barred by *Scott v. Taylor*, 405 F.3d 1251 (11th Cir.2005). There, the Eleventh Circuit held that state legislators enjoyed legislative immunity when sued in their official capacities.[3]

---

2. Fuller would have a similar statute of limitations problem even if she had stated a claim upon which relief could be granted in a § 1983 action. "It is well-settled that § 1983 actions filed in Georgia are governed by Georgia's two-year statute of limitations for personal injury claims." *Thomas v. Lee*, 298 Fed.Appx. 906, 908 (11th Cir.2008) (citing *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir.1986)). As noted above, the statute of limitations appears to have begun running in Fuller's case in 2005, and there is no indication of events or circumstances that warrant tolling.

3. This court believes that the legal analysis regarding official capacity in *Scott* is wrong. That court recognized that official capacity suits seeking injunctive relief "are not deemed to be suits against the state and thus are not barred by the Eleventh Amendment." 403 F.3d at 1255. However, the court went on to say, "Thus, the instant action—seeking prospective relief against these state legislator defendants in their official capacities—is not to be treated as a [sic] action against the entity." *Id.* This statement, however, misstates the legal fiction that official capacity suits seeking injunctive relief are not against the state. In *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court allowed an official capacity suit seeking injunctive relief against the state to proceed on the legal fiction that the state was not really the defendant and thus the Eleventh Amendment was not implicated. However,

the Court did not treat the case as being against the person individually. Official capacity suits seeking injunctive relief are in practice against the state, but the legal fiction that they are not avoids the Eleventh Amendment issue. In discussing legislative immunity, the Eleventh Circuit treated the defendants as though they were sued in their personal capacities since legislative immunity, like qualified immunity, is available to a defendant sued only in his individual capacity, not his official capacity. The Eleventh Circuit's statement that the Supreme Court in *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980), ruled that the chief justice of the Supreme Court of Virginia was entitled to legislative immunity in both his individual and official capacities is simply incorrect. Nowhere in *Consumers Union* did the Supreme Court make such a conclusion. Finally, this court notes that the Eleventh Circuit, in discussing "official capacity" (which is a term of art and does not mean "scope of official duties") conflated the concept of official capacity with the possible immunity enjoyed by persons in their individual capacities and coined the term "official legislative capacities." 405 F.3d at 1254. Such "capacities" are unknown in Supreme Court jurisprudence. However, the Eleventh Circuit's error in giving legislative immunity to persons sued in their official capacities cannot be corrected by this court; only the Supreme Court (or the Eleventh Circuit sitting en banc) can do that.

Because she fails to state a claim upon which relief may be granted and seeks relief from defendants who, according to the Eleventh Circuit, enjoy legislative immunity in their official capacities from suit under § 1983, Fuller's complaint is **DISMISSED.**