A90A0780, A90A0781. ABRAHAMSEN v. McDONALD'S
CORPORATION.
(398 SE2d 861)

BANKE, Presiding Judge.

This litigation commenced as an action by the appellant to recover damages from the appellee for the alleged breach of a series of construction contracts. The appellee responded with a counterclaim for actual damages, punitive damages, and litigation expenses based on allegations of fraud, negligence, and breach of fiduciary duty. The trial court awarded summary judgment to the appellee with respect to the appellant's claims, and this court affirmed that ruling in *Abrahamsen v. McDonald's Corp.*, 193 Ga. App. 868 (389 SE2d 386) (1989). The counterclaim remains pending in the trial court.

Subsequent to the grant of its motion for summary judgment on the complaint, the appellee filed a motion in the trial court seeking litigation costs and attorney fees pursuant to OCGA § 9-15-14, based on allegations that the complaint had lacked substantial justification. In this motion, the appellee requested "leave to present evidence of the amounts of . . . fees and expenses incurred in the defense of the [litigation]." However, the trial court denied the motion for the stated reason that the appellee had failed to provide such evidence. Cf. *Gilbert v. E & W Constr. Co.*, 181 Ga. App. 281 (1) (351 SE2d 523) (1986). The appellee moved for reconsideration of this ruling, submitting an affidavit setting forth the amount of attorney fees it sought to recover; and the trial court thereafter entered an order assessing attorney fees against the appellant in the amount of $10,253.75. We granted the appellant's application for a discretionary appeal from that order; and, after we did so, the trial court, acting sua sponte, entered yet another order reducing the award of attorney fees to

$5,063.44. The appellants also applied for a discretionary appeal from that order, and we also granted that application. *Held*:

1. Pursuant to subsection (e) of OCGA § 9-15-14, a claim for reasonable and necessary attorney fees and expenses of litigation to punish or deter litigation abuses must be brought "within 45 days after the final disposition of the [underlying] action." Since the appellee's counterclaim remains pending in the trial court, there clearly has been no final disposition of the present action. It follows that the trial court was not authorized to enter an award of attorney fees pursuant to OCGA § 9-15-14. Consequently, both of the awards appealed from must be reversed. See generally *Troup County Bd. of Commrs. v. Public Fin. Corp.*, 109 Ga. App. 547 (1) (136 SE2d 509) (1964).

2. The second award was additionally void for the reason that our grant of the first application for discretionary appeal acted as a supersedeas, divesting the court of jurisdiction to amend or modify its judgment. See generally *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525 (2) (258 SE2d 139) (1979); OCGA § 5-6-46.

*Judgments reversed. Birdsong and Cooper, JJ., concur.*

DECIDED NOVEMBER 19, 1990.

*Donald E. Loveless*, for appellant.

*Paul, Hastings, Janofsky & Walker, Craig R. Pendergrast, John G. Parker*, for appellee.