## A91A0062. WILLIAMS v. CLARK-ATLANTA UNIVERSITY, INC. et al.
## A91A0069. BELL v. CLARK-ATLANTA UNIVERSITY, INC. et al.
(406 SE2d 559)

BANKE, Presiding Judge.

While students at Atlanta University, the appellants, Kevin Williams and Barbara Bell, were employed as "senior residential coordinators" in the university dormitories. During their employment, an article purporting to have been written by a "concerned student" was published in the student government newspaper accusing them of such things as dereliction of duty and falsifying time sheets. In early December of 1988, the appellants sued Atlanta University (which had by then merged with Clark University), along with various individual defendants, seeking to recover actual and punitive damages for libel, invasion of privacy, and intentional infliction of emotional distress based on the publication of this article. Later that month, the appellee-defendants asserted counterclaims against the appellants for abusive litigation pursuant to *Yost v. Torok,* 256 Ga. 92 (344 SE2d 414) (1986).

The claims against the individual defendants were dismissed for

lack of personal jurisdiction, and subsequently, on November 17, 1989, the trial court granted a motion by the university to dismiss the complaints for failure to state a claim. The appellants thereafter moved to dismiss the *Yost* counterclaims for "failure to state an actionable claim and/or abuse of said counterclaim," while the appellees moved for an award of attorney fees and costs pursuant to OCGA §§ 9-15-14 and 51-7-80. On May 29, 1990, the trial court denied the appellants' motions to dismiss the counterclaims; and on June 1, 1990, it entered an order granting the appellees' motion for attorney fees and costs. The appellants have filed a direct appeal to this court from the latter order. *Held:*

It does not appear from the record before us that the appellees' abusive litigation counterclaims have been disposed of. Since litigation expenses and attorney fees cannot be awarded pursuant either to OCGA § 9-15-14 or to OCGA § 51-7-83 until the claimant has prevailed on his underlying abusive litigation claim, it would therefore appear that the appellees' motions for such awards were premature and should not have been entertained by the trial court. By the same token, however, the trial court's order granting these motions would appear to have been interlocutory and thus not subject to direct appeal. Furthermore, since the abusive litigation counterclaims in this case were filed prior to the effective date of OCGA § 51-7-80 et seq., the appellees' motions for attorney fees and costs were governed exclusively by OCGA § 9-15-14, with the result that the present appeals were, in any event, required by OCGA § 5-6-35 (a) (10) to be brought by application, regardless of whether they were interlocutory. See OCGA § 51-7-85. Because no application for appeal was filed in either case, the present appeals are accordingly dismissed for lack of jurisdiction.

*Appeals dismissed. Carley and Beasley, JJ., concur.*

DECIDED JUNE 12, 1991.

Kevin Williams, *pro se.*
Barbara Bell, *pro se.*
*Michael A. Baskin*, for appellees.