A91A1323. In the Interest of M. A. K., a child.
(414 SE2d 288)

Carley, Presiding Judge.

The facts, insofar as they are relevant to this appeal, are as follows: Although appellant-father originally had custody of his minor child, appellee-mother was granted custody on June 8, 1990. As a result of a subsequent emergency custody proceeding, appellant's mother, the child's paternal grandmother, was granted custody. However, the juvenile court restored custody to appellee on October 5, 1990. On November 5, 1990, appellee filed a "motion for contempt" based upon appellant's purported willful violation of the June 8, 1990 custody order. On March 19, 1991, the juvenile court awarded appellee attorney's fees pursuant to OCGA § 9-15-14. It is from that latter order that appellant appeals pursuant to this court's grant of his application for discretionary appeal. OCGA § 5-6-35 (a) (10).

1. "Attorney's fees and expenses under [OCGA § 9-15-14] may be requested by motion within 45 days after the final disposition of the action." OCGA § 9-15-14 (e). The juvenile court based its award of OCGA § 9-15-14 (b) attorney's fees on its conclusion that appellant had asserted positions in "the emergency hearing and custody determination" which lacked substantial justification. However, *no* timely motion for attorney's fees pursuant to OCGA § 9-15-14 was ever filed by appellee within 45 days of the final disposition of "the emergency hearing and custody determination" on October 5, 1990. Appellee's *only* request for attorney's fees was that which was contained in her "motion for contempt" filed on November 5, 1990. However, appellee's "motion for contempt" did *not* invoke OCGA § 9-15-14 and her non-specific request for attorney's fees is clearly *not* construable as a viable request for OCGA § 9-15-14 attorney's fees based upon the recently concluded "emergency hearing and custody determination." Appellee's "motion for contempt" had the legal effect of initiating an entirely *new* proceeding based upon appellant's alleged violation of the June 8, 1990 original custody order. Since a motion for OCGA § 9-15-14 attorney's fees is the prevailing party's *final* request in a concluded legal proceeding, a request for attorney's fees contained in a party's *initial* pleading whereby a legal proceeding is commenced obviously does not qualify. See generally *Abrahamsen v. McDonald's Corp.*, 197 Ga. App. 624, 625 (1) (398 SE2d 861) (1990).

Likewise, the juvenile court's award cannot be construed as a viable sua sponte award of attorney's fees pursuant to OCGA § 9-15-14 (b). If the juvenile court was inclined to award, on its own motion,

attorney's fees pursuant to OCGA § 9-15-14 (b) based upon appellant's asserted position in "the emergency hearing and custody determination," it should have done so within 45 days of the final disposition of that proceeding on October 5, 1990. The award of March 19, 1991 is obviously too late.

In the context of the subsequent contempt proceedings an award of OCGA § 9-15-14 attorney's fees could not be based upon appellant's conduct in the prior "emergency hearing and custody determination" proceeding. OCGA § 9-15-14 "has been interpreted to govern conduct occurring during the litigation [in which the attorney's fees are awarded]. [Cit.]" *Stone v. King,* 196 Ga. App. 251, 253 (3) (396 SE2d 45) (1990). It follows that the instant award of OCGA § 9-15-14 attorney's fees based upon appellant's conduct occurring in the previous "emergency hearing and custody determination" proceeding is erroneous and must be reversed.

2. Appellant enumerates as error the juvenile court's refusal to recuse itself from hearing appellee's "motion for contempt."

It does not appear that a final order has ever been entered regarding appellant's contempt of the June 8, 1990 original custody order. Accordingly, the juvenile court's order denying appellant's motion for recusal is interlocutory. No application for an interlocutory appeal from that order has been sought by appellant or granted by this court. Accordingly, this enumeration of error presents nothing for review.

3. Likewise, we have no jurisdiction to address enumerations of error relating to the "emergency hearing and custody determination" which, as noted, was resolved by the juvenile court's final order of October 5, 1990. A discretionary appeal from that child custody order was neither sought by appellant nor granted by this court.

4. The juvenile court's order of March 19, 1991, whereby appellee was awarded OCGA § 9-15-14 (b) attorney's fees is reversed. The contempt proceeding that is pending against appellant for his alleged violation of the June 8, 1990 original custody order is unaffected by this appeal. The "emergency hearing and custody determination" proceeding which was concluded by the final order of October 5, 1990 is likewise unaffected by this appeal.

*Judgment reversed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED DECEMBER 2, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991.

*William R. L. Latson,* for appellant
*Barry E. Billington & Associates, Barry E. Billington,* for appel-

lee.