## A92A2381. HUTCHISON v. DIVORCE & CUSTODY LAW CENTER OF ARLINE KERMAN & ASSOCIATES, P. C. et al.
(427 SE2d 784)

BEASLEY, Judge.

We granted an application for interlocutory appeal filed by plaintiff, Hutchison, from the trial court's refusal to dismiss a counterclaim by defendants, Kerman and the professional corporation through which she practices law, seeking an OCGA § 9-15-14 award of litigation expenses and attorney fees. The question is whether such an award may be sought by counterclaim filed prior to the final disposition of the action.

Kerman represented Hutchison in a divorce action filed by Hutchison in which she sought alimony, child custody and support, and equitable division of property. In the complaint, Hutchison alleged that her husband was a retired Naval officer whose gross retirement pay exceeded $20,000 per annum, and that he was entitled to additional retirement benefits, all of which were subject to equitable division.

Hutchison filed this legal malpractice action against defendants, complaining of counsel's failure to protect and enforce her right to direct payment of as much as one-half of her husband's Navy retirement pay and other valuable benefits under the Uniform Services Former Spouse's Protection Act. Hutchison alleges that the divorce decree, attached to the complaint as an exhibit, utterly failed to preserve, protect, and enforce her property rights under the Act.

In their counterclaim, defendants alleged that the complaint "lacks any justification in fact and is substantially frivolous, substantially groundless and/or substantially vexatious in that no investigation was conducted into the true facts and circumstances of defendants' representation of the plaintiff. Even a cursory investigation . . . would have revealed the frivolous, groundless and vexatious nature of the claim . . . filed against these defendants."

In her motion to dismiss the counterclaim, plaintiff argued that it was premature in that an OCGA § 9-15-14 request for attorney fees and litigation expenses must await the final disposition of the action,

at which time it must be asserted by a post-judgment motion. As authority, plaintiff cited subsection (e): "Attorney's fees and expenses under this Code section may be requested by motion within 45 days after the final disposition of the action."

In a response to the motion to dismiss, defendants argued that this language is permissive and not mandatory; under it, a claim may not be asserted more than 45 days after the final disposition of the action; however, no limit is set for the earliest date for bringing forth a claim for attorney fees and litigation expenses. Defendants also sought such an award for expenses incurred in defending the motion to dismiss.

In *Abrahamsen v. McDonald's Corp.*, 197 Ga. App, 624, 625 (1) (398 SE2d 861) (1990), the trial court granted defendant's motion for an OCGA § 9-15-14 award of attorney fees and litigation expenses, after defendant's motion for summary judgment had been granted but before the adjudication of a counterclaim filed by the defendant. The award was reversed. It was held that, pursuant to OCGA § 9-15-14 (e), a claim for attorney fees and litigation expenses "must" be brought within 45 days after the final disposition of the underlying action. See *Cobb County v. Sevani*, 196 Ga. App. 247 (395 SE2d 572) (1990) (involving a condemnee's timely post-judgment motion for an OCGA § 9-15-14 award of attorney fees); *Hunter v. Schroeder*, 186 Ga. App. 799 (368 SE2d 561) (1988) (involving legal malpractice defendants' timely post-judgment motion for an OCGA § 9-15-14 award); compare *In the Interest of M. A. K.*, 202 Ga. App. 342 (1) (414 SE2d 288) (1991) (holding that the institution of a new proceeding wherein plaintiff seeks an OCGA § 9-15-14 award of attorney fees incurred in a prior proceeding is unauthorized, since such motion is the prevailing party's final request in a concluded legal proceeding); *Ramos v. Vourtsanis*, 187 Ga. App. 69, 70 (369 SE2d 344) (1988) (holding that the post-judgment remedy provided by OCGA § 9-15-14 is only available to parties and does not embrace a witness' claim for deposition fees).

*Jones v. Bienert*, 197 Ga. App. 554 (398 SE2d 830) (1990), held that the trial court erred in allowing the plaintiff to voluntarily dismiss his action against the defendant since the defendant had filed a counterclaim, part of which was purportedly under OCGA § 9-15-14, and the voluntary dismissal could only be allowed if defendant's counterclaim could stand and be adjudicated independently. However, no question was raised as to whether a counterclaim was the correct procedural vehicle through which to assert such a claim.

Where a counterclaim which has not matured is asserted prior to the entry of final judgment in the underlying action, the correct disposition under general rules of civil procedure is to dismiss it without prejudice. See *Metro Chrysler-Plymouth v. Pearce*, 121 Ga. App. 835,

840 (2) (175 SE2d 910) (1970) (holding that a defendant's counterclaim for malicious use of process was premature, in that there had not been a termination of the main action in defendant's favor, and the trial court should have dismissed it without prejudice).

After OCGA § 9-15-14 was enacted but before its effective date, the Supreme Court, in *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), merged the torts of malicious use and abuse of process, delineated a new remedy through incorporation of criteria contained in OCGA § 9-15-14, defined the new remedy as abusive litigation, and required a defendant's claim for abusive litigation to be pleaded as a compulsory counterclaim. 256 Ga. at 95-96 (11-14). However, *Yost* held that after the statute's effective date, OCGA § 9-15-14 provides the remedy for the recovery of attorney fees and litigation expenses for abusive conduct. Id. at 95 (9).

In 1989, the General Assembly enacted Article 5 of Chapter 7 of OCGA Title 51, OCGA § 51-7-80 et seq., and provided that no claim for abusive litigation other than as provided in Article 5 and OCGA § 9-15-14 shall be allowed. OCGA § 51-7-85. OCGA § 51-7-83 (a) authorizes the recovery of attorney fees and litigation expenses under Article 5. OCGA § 51-7-83 (b) requires utilization of the procedures provided in OCGA § 9-15-14 where, as here, the litigation is in a civil proceeding of a court of record and no damages other than costs and expenses of litigation and reasonable attorney fees are claimed. OCGA § 51-7-84 (b) provides: "An action or claim under this article requires the final termination of the proceeding in which the alleged abusive litigation occurred and must be brought within one year of the date of final termination." In *Williams v. Clark-Atlanta Univ.*, 200 Ga. App. 51, 52 (406 SE2d 559) (1991), we recognized that claims for litigation expenses and attorney fees under both OCGA § 9-15-14 and OCGA § 51-7-83 are premature and should not be entertained until the underlying litigation has concluded.

Federal Rule of Civil Procedure 11 provides for the imposition of sanctions, which may include expenses incurred in litigating a matter and attorney fees, under certain criteria including some of those contained in OCGA § 9-15-14 (b) and (c). Although it has been generally held that a party may not seek the imposition of sanctions under Rule 11 by counterclaim but rather must await the end of the litigation, *Donaldson v. Clark*, 786 F2d 1570, 1576 (5) (11th Cir. 1986), and *Sound Video Unlimited v. Video Shack*, 700 FSupp. 127, 149 (30) (S.D. N.Y. 1988), there is authority for imposing Rule 11 sanctions earlier where the grounds for such imposition manifest themselves at such time. See *Ortho Pharmaceutical Corp. v. Sona Distrib.*, 117 FRD 170 (S.D. Fla. 1987); *Bannon v. Joyce Beverages*, 113 FRD 669 (N.D. Ill. 1987).

Two factors distinguish this case from federal Rule 11 and cases

construing it. First, OCGA § 9-15-14 (e) expressly states the time frame within which such motion must be brought, whereas Rule 11 does not. Second, the merit of the defendants' OCGA § 9-15-14 motion, attempted by counterclaim, is not determinable until the facts of the underlying action have been adjudicated.

Finally, we cannot avoid the fact that the plain language of that part of the statute relating to procedure, i.e., subsection (e), provides for a "motion" and makes no reference to a "counterclaim." Subsection (b) also refers to "motion," implying that the counterclaim vehicle is not contemplated. Subsection (e) also uses the term "within," not "no later than" in referencing the time frame for the request. The word "may" means that the litigant is authorized to seek such an award after the case is concluded, when the basis for an award has matured. See generally *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JANUARY 12, 1993 —
RECONSIDERATION DENIED FEBRUARY 22, 1993 — 

*Michael N. Mantegna*, for appellant.
*Arline Kerman & Associates, P. C., Arline S. Kerman, Jeffrey A. Auerbach, Barksdale & Mobley, M. Scott Barksdale*, for appellees.