## A95A1741. COHEN v. FELDMAN.
(464 SE2d 237)

BEASLEY, Chief Judge.

Attorney Cohen appealed to the Supreme Court of Georgia from an award of attorney fees against her personally. Although the award was made in the course of a divorce action, see Ga. Const., Art. VI, Sec. VI, Par. III (6), the appeal was transferred to this Court, and we considered it an appeal from an order in a divorce case and granted discretionary review under OCGA § 5-6-35 (a) (2).

Ms. Cohen received $2,010 from her client, Mr. Feldman, which had been placed into a joint account for the payment of taxes on a business the divorcing parties owned together. Ms. Feldman was to be responsible for paying the taxes. Rather than forward the money to Ms. Feldman's attorney, Cohen decided to place it into the court's registry. She did not seek an order to do so from Judge Etheridge, who was presiding over the divorce proceeding, but submitted the order to Judge Daniel, Presiding Judge. Judge Daniel signed the order the same day it was presented, April 12, 1994.

The next day opposing counsel sought an immediate hearing with Judge Etheridge to vacate the order. A hearing was held that same

day, April 13, and Cohen was notified by telephone. At the hearing, opposing counsel related the events leading to the hearing and stated he wished the order vacated, the money tendered to his client, a finding of contempt on the part of Cohen and her client, and an award of attorney fees. Counsel contended Cohen's actions violated OCGA § 9-11-67 (depositing funds with the court), as well as USCR 3.3 and 4.7 (control by the assigned judge), and USCR 6.7 (procedure for emergency motions). Although Cohen stated at the hearing that she had meant no harm, she admitted she had been in Judge Etheridge's office on April 12 but still sought the order from Judge Daniel rather than Judge Etheridge. She explained that she simply thought the presiding judge of the court was the proper person to sign the order. Judge Etheridge indicated he would vacate the order and award reasonable fees, and he directed opposing counsel to draft the order.

The following day, Judge Etheridge signed the proposed order for attorney fees of $2,250.60, first revising it to provide that Cohen herself was responsible for the fees. Cohen apparently saw only a facsimile of the original draft order shortly before it was signed. It specifically found violations of OCGA § 9-11-67 and USCR 3.3, 4.7, and 6.7, which Cohen does not dispute here.

1. Cohen contends the court had no jurisdiction to award attorney fees, but it clearly did. The verbal motion for attorney fees asked for a finding of contempt. Although the court's order awarding fees did not use the word "contempt," such is not always necessary and it is apparent from the order and the court's comments at the hearing that the court considered Cohen's actions to constitute contempt. See *In re Siemon*, 264 Ga. 641 (449 SE2d 832) (1994). Courts have inherent powers to impose punishments for contempt. *In re Pruitt*, 249 Ga. 190, 192 (2) (288 SE2d 208) (1982); see also OCGA §§ 15-1-3; 15-1-4. An order to pay attorney fees for the expenses needed to contest a matter brought about by an attorney's contemptuous actions is an appropriate contempt sanction. See *American Express Co. v. Baker*, 192 Ga. App. 21, 23-24 (2) (383 SE2d 576) (1989). Additionally, the court's award could be construed as a sua sponte award of attorney fees under OCGA § 9-15-14 (b). See *In the Interest of M. A. K.*, 202 Ga. App. 342, 343 (1) (414 SE2d 288) (1991). Viewed either way, the court had authority to make the award.

2. Cohen also contends the court violated her procedural rights in two ways: 1) by calling a hearing without notifying her that attorney fees would be an issue or that she might be held liable personally for the fees, and 2) by denying her an opportunity to contest the necessity of the legal services provided and the reasonableness of the fees claimed for those services. The first contention has no merit. A court can pursue a contempt sanction without notice when, as here, an attorney's conduct has disrupted the orderly administration of the

court's business. *In re Sykes*, 151 Ga. App. 233, 234 (1) (259 SE2d 215) (1979). Also, the language of OCGA § 9-15-14 (b) itself allows the court to assess fees sua sponte. Further, Cohen concedes committing the acts sanctioned and advances no argument why additional notice would have altered the court's decision to make a fee award. As to her personal liability, an attorney may always expect a court to hold the attorney, as an officer of the court, liable for costs associated with improper actions in litigation.

Although there is no error in the court's imposing an award for attorney fees, "[a] party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services. [Cit.]" *Mitcham v. Blalock*, 214 Ga. App. 29, 32-33 (2) (447 SE2d 83) (1994); see also *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606) (1993); OCGA § 9-15-14 (d). The record does not show Cohen was afforded such an opportunity, and the judgment must be reversed and remanded for an evidentiary hearing to determine an amount for reasonable and necessary attorney fees.

*Judgment reversed and remanded with direction. Pope, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 16, 1995.

*Beverly L. Cohen*, pro se.
*Bodker, Ramsey & Andrews, Stephen C. Andrews, Julian A. Mack*, for appellee.

