A95A2522, A95A2523. STOCKS v. GLOVER; and vice versa.
(469 SE2d 677)

POPE, Presiding Judge.

In this legal malpractice action, plaintiff Marie Stocks appeals from the grant of summary judgment for defendant Irma Glover, and Glover cross-appeals from the dismissal of her counterclaim for abusive litigation.

We view the facts in a light favorable to Stocks as the party op-

posing summary judgment. Glover represented Stocks in Stocks' divorce proceedings. As the result of Glover's failure to file a notice of lis pendens, Stocks' husband was able to use the marital residence to secure an $83,000 loan on April 6, 1989. And on February 9, 1990, Stocks' husband used the marital residence to secure a second loan, thereby increasing the encumbrance on the home to $125,000.

Stocks first sued Glover on February 8, 1994. This action was voluntarily dismissed without prejudice on June 24, 1994, and renewed on August 26, 1994. The trial court granted Glover's motion for summary judgment on the ground that the original action was not brought within four years. The court then dismissed Glover's abusive litigation counterclaim as premature, and these appeals resulted. We affirm in both cases.

1. In Case No. A95A2522, Stocks acknowledges that recovery for any damages resulting from the first security deed is barred by the four-year statute of limitation, but argues that she should be allowed to recover any additional damages resulting from the second security deed, since the original lawsuit was filed less than four years from the date of that second encumbrance. The limitation period in a legal malpractice case begins as soon as there is a breach of the attorney's duty and some degree of harm, however, even if the degree of harm is minimal and much or most of the harm occurs later. *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804 (1) (273 SE2d 16) (1980). Moreover, the attorney's subsequent failure to take advantage of an opportunity to correct his earlier mistake is not a separate breach for which the client has a new cause of action. Id. at 807 (2); *Leon Jones Feed & Grain v. Gen. Business Svcs.*, 175 Ga. App. 569, 570-571 (333 SE2d 861) (1985). In *Jankowski*, the plaintiff's underlying case had been dismissed because the attorney did not appear for a calendar call, and the Supreme Court held that the attorney's subsequent failure to discover the dismissal and refile plaintiff's case before the statute of limitation ran was not a separate breach. Id. at 805-807. In *Leon Jones Feed & Grain*, an accountant failed to advise a client about an available tax exemption, and we held that his subsequent failure to advise the client about his right to a refund of overpaid taxes for three years was not a separate breach. Id. at 569-572. In the same way, Glover failed to file a notice of lis pendens as soon as the divorce was pending, and her failure to realize her mistake and correct it by filing the notice of lis pendens later was not a separate breach. See also *Long v. Wallace*, 214 Ga. App. 466 (2) (448 SE2d 229) (1994).

Stocks asserts that since Glover had a continuing duty to file a notice of lis pendens and never did so, she breached her duty every day the divorce proceeding was pending. Thus, Stocks' argument goes, the additional harm from the second encumbrance joined with a new breach of duty to create a new cause of action which accrued on

February 9, 1990 — less than four years before Stocks' original action against Glover was filed. This argument has some logical appeal, but is precluded by *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365 (2) (368 SE2d 732) (1988), in which the Supreme Court held that continuing tort theory is applicable only to cases involving personal injury.

2. In Case No. A95A2523, we conclude that the trial court properly dismissed Glover's abusive litigation claim as premature, since it was brought before the final termination of the proceeding. See OCGA § 51-7-84 (b). Stocks' voluntary dismissal of her original action was not a "final termination" of the proceeding for purposes of this section. See OCGA § 9-2-61 (case may be renewed after dismissal).

*Judgments affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED JANUARY 22, 1996 —
RECONSIDERATION DENIED MARCH 11, 1996 — ▆▆▆▆▆▆▆▆

*Jones, Copeland, Lefkowitz & Greer, Taylor W. Jones, Rebecca A. Copeland*, for appellant.

*Cauthorn & Phillips, Thomas E. Cauthorn III, B. Wayne Phillips*, for appellee.