A97A0256. HALLMAN v. EMORY UNIVERSITY et al.
(483 SE2d 362)

ELDRIDGE, Judge.

Appellant, Dr. Linda Hallman, filed suit in June 1994 against appellees, Emory University, the Emory Clinic, and various University administrators, in an employment dispute. After a lengthy two-day preliminary injunction hearing, an interlocutory injunction against the appellees was granted to appellant on August 5, 1994. After the grant of the interlocutory injunction to appellant, the appellees were very anxious to take appellant's deposition; appellant repeatedly postponed scheduled depositions, cancelled at the last minute, or failed to appear altogether. In August 1995, appellees filed a motion to dismiss or, alternatively, to compel and impose sanctions. The trial court granted the motion to dismiss with prejudice and awarded $1,250 in attorney fees on August 23, 1995. Upon motion for reconsideration, the trial court modified its order of dismissal to make it a dismissal without prejudice on September 25, 1995. On October 9, 1995, appellees made a motion for an award of attorney fees under OCGA §§ 9-15-14 (a), (b), and 51-7-81 for abusive litigation, supported only by the affidavit of one of the three counsel involved and without even the hourly billing statements. The trial court on March 9, 1996, entered an award of attorney fees under all statutes without conducting an evidentiary hearing either as to the merits of the motion or as to the hours, reasonableness, amount,

necessity or allocation of attorney fees, and specifically found that Counts 2 and 3 of the complaint were filed with malice, authorizing the award of attorney fees under OCGA § 51-7-81, which were awarded based only upon the defense counsel's affidavit and without hearing evidence or allowing cross-examination by appellant's counsel of appellees' counsel regarding the reasonableness and necessity of the $44,240.13 awarded. The trial court ignored some 221 pages of transcript of the interlocutory injunction hearing, as well as the interlocutory injunction order, as such related to Counts 2 and 3 in finding that there was no justiciable issue under either OCGA § 9-15-14 (a) or § 51-7-80 et seq. Appellant challenges on direct appeal the award of attorney fees. However, appellees have moved to dismiss the appeal on jurisdictional grounds. We disagree.

This Court, in *Rolleston v. Huie*, 198 Ga. App. 49, 51-52 (400 SE2d 349) (1990), held that there is no direct appeal from an award of attorney fees under OCGA § 9-15-14 unless it appears that such award was appealed as part of a judgment that is directly appealable. See also *Stancil v. Gwinnett County*, 259 Ga. 507, 508 (384 SE2d 666) (1989); *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 526 (4) (a) (360 SE2d 566) (1987).

In Ga. L. 1989, p. 408, § 2, the General Assembly created a new cause of action for abusive litigation and codified it as OCGA § 51-7-80 et seq., which became effective on July 1, 1989, and which provided for procedures that were part of the elements of the action. OCGA § 51-7-80 et seq., as a new statutory cause of action, replaced several existing common law actions: malicious use of process; malicious abuse of process; and a claim under *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). Since OCGA § 51-7-80 et seq. is in derogation of common law, then it must be strictly construed. *Kirsch v. Meredith*, 211 Ga. App. 823, 825 (440 SE2d 702) (1994). Unlike OCGA § 9-15-14, which is a court-imposed sanction for misconduct in litigation, OCGA § 51-7-80 et seq. is an independent cause of action based upon the successful termination of the action upon which it is based and is not procedurally ancillary and post-judgment, as is OCGA § 9-15-14, except when only attorney fees are sought under OCGA § 51-7-83 (b). *Hutchison v. Divorce & Custody Law Center &c.*, 207 Ga. App. 421, 423 (427 SE2d 784) (1993). An action for abusive litigation must be brought as a separate and distinct action where damages are sought; however, when only attorney fees in the original abusive litigation are sought, OCGA § 51-7-83 (b) provides that "the procedures provided in Code Section 9-15-14 shall be utilized." However, such language does not change an action under OCGA § 51-7-80 et seq. to damages imposed as a sanction under OCGA § 9-15-14, but merely directs which procedures shall be followed under such circumstances. OCGA § 51-7-83 (b) provides a cause of action and directs the proce-

dure by which damages are to be sought in order to simplify the action. See generally *Stocks v. Glover*, 220 Ga. App. 557, 559 (2) (469 SE2d 677) (1996); *McKin v. Gilbert*, 208 Ga. App. 788, 791 (2) (432 SE2d 233) (1993); *Talbert v. Allstate Ins. Co.*, 200 Ga. App. 312 (408 SE2d 125) (1991).

*Williams v. Clark-Atlanta Univ.*, 200 Ga. App. 51, 52 (406 SE2d 559) (1991), is distinguishable on the law and facts in that the action arose prior to July 1, 1989, the effective date of OCGA § 51-7-80 et seq., so that this statute could not be applied retroactively, and the action was dismissed on the merits and attorney fees were imposed as a judicial sanction under OCGA § 9-15-14. In the case sub judice, the underlying action was dismissed without prejudice, came within OCGA §§ 51-7-80 et seq. and 9-15-14, and attorney fees were imposed both as a judicial sanction and as damages under the abusive litigation action as a final judgment. Under OCGA § 51-7-84 (b), a "final termination of the proceeding" means that the case has been finally concluded and has nothing ancillary pending, except when the party may follow the procedures of OCGA § 9-15-14 in bringing a claim for attorney fees from the abusive litigation case within 45 days as an ancillary matter under OCGA § 51-7-83 (b). Since OCGA § 51-7-83 (b) could not be applied retroactively in *Williams v. Clark-Atlanta Univ.*, supra, then anything stated by this Court regarding the discretionary appeal procedure for attorney fees awarded under such Code section was obiter dicta, because such language was not necessary to the decision of the case.

While the same procedures must be followed under OCGA § 51-7-83 (b) as employed under OCGA § 9-15-14, OCGA § 51-7-80 et seq. does not come within the express language of OCGA § 5-6-35 (a), which lists cases requiring application for appeal; subsection (a) (10) requires an application for appeals of an award of attorney fees only under OCGA § 9-15-14 and does not require OCGA § 51-7-83 (b) to come under such discretionary appeal procedure, even though it involves the same trial procedure. The General Assembly, by enacting Ga. L. 1988, p. 1357, § 1, created OCGA § 5-6-35 (a) (1) through (10), but the General Assembly neither amended the statute in 1989 when OCGA § 51-7-83 (b) was passed, nor did it choose to include OCGA § 51-7-80 et seq. in Ga. L. 1991, p. 412, § 1, or Ga. L. 1994, p. 347, § 2, when OCGA § 5-6-35 was further amended. Such omission of OCGA § 51-7-80 et seq. from discretionary appeals clearly expresses the legislative intent that this substantive new cause of action should have a right of direct appeal whenever a final judgment has been entered. An award under OCGA § 51-7-83 (b) of attorney fees is an award of damages without a jury trial on the merits and constitutes a final judgment that is directly appealable.

To award attorney fees under OCGA § 9-15-14 (a) requires the

same findings as under OCGA § 51-7-80 et seq. so that there exists an appeal which otherwise would be discretionary under OCGA § 9-15-14, but "may be reviewed on direct appeal, when it is appealed as part of a judgment directly appealable." *Haggard v. Bd. of Regents &c. of Ga.*, supra at 526 (4) (a); *Rolleston v. Huie*, supra at 52. Therefore, the award of attorney fees under both OCGA § 9-15-14 (a) and (b) is reviewable on direct appeal along with the judgment under OCGA § 51-7-83, and this Court has jurisdiction.

The motion to dismiss is hereby denied.

1. Since appellant's right to a direct appeal rests upon an appeal from a judgment under OCGA § 51-7-80 et seq., then the applicable enumeration of error will be dealt with first. The trial court is alleged to have erred in the granting of attorney fees under OCGA § 51-7-80 et seq., and we agree.

The threshold issue is whether or not an action under OCGA § 51-7-80 et seq. was ripe at the time the trial court entered a judgment based upon such statute. Had the trial court not voided the order dismissing the action with prejudice, such order would have acted as an adjudication on the merits, a "final termination" of the case. However, the trial court vacated such order and substituted for it a dismissal without prejudice, which was not a "final termination" of the case. OCGA § 9-11-41 (b). Since OCGA § 51-7-80 et seq. is a statutory cause of action in derogation of common law, then it must be strictly construed against the party seeking to assert the statute. See *Heard v. Neighbor Newspapers*, 259 Ga. 458, 459 (5) (383 SE2d 553) (1989). "The abusive litigation tort set forth in OCGA § 51-7-80 et seq. is in derogation of common law, and must be strictly limited to the meaning of the language used, and not extended beyond the plain and explicit statutory terms. *Paino v. Connell*, 207 Ga. App. 553 (428 SE2d 446) (1993)." *Kirsch v. Meredith*, supra at 825; see also *Talbert v. Allstate Ins. Co.*, supra at 314.

As an essential condition precedent to having a cause of action under OCGA § 51-7-80 et seq., there must be a "final termination of the proceeding," and not a dismissal of the action without prejudice, which action can be refiled timely, because then an abusive litigation action would be premature. *Stocks v. Glover*, supra at 559; see also *McKin v. Gilbert*, supra at 791. Final determination is by judgment or dismissal on the merits. *Betallic, Inc. v. Deavours*, 263 Ga. 796 (439 SE2d 643) (1994); *McCullough v. McCullough*, 263 Ga. 794 (439 SE2d 486) (1994); *Kirsch v. Meredith*, supra at 824; *Talbert v. Allstate Ins. Co.*, supra. Such requirement of final termination applies equally when only attorney fees and expenses of litigation are sought under OCGA § 51-7-83 (b) and follows the procedure set forth in OCGA § 9-15-14. *Hutchison v. Divorce & Custody Law Center &c.*, supra at 423. Under OCGA § 9-15-14 (f), the trial court's award shall be

treated as a final judgment; however, the condition precedent for an award under OCGA § 51-7-80 et seq. had not been satisfied by having a final termination of the action. The trial court erred as a matter of law in entering such award when the action had only been dismissed without prejudice.

2. Appellant's next enumeration of error is that the trial court erred in granting attorney fees to appellees under OCGA § 9-15-14 (a) by finding that there existed a complete absence of any justiciable issue of law or fact, because ample evidence showing a genuine controversy was presented to the court to support the appellant's complaint during a two-day hearing for injunctive relief before the court on August 2 and 3, 1994.

In *Porter v. Felker*, 261 Ga. 421, 422 (3) (405 SE2d 31) (1991), the Supreme Court of Georgia held "a trial court's award [under OCGA § 9-15-14 (a)] to a party whose motion for summary judgment was denied must be vacated except in unusual cases where the trial judge could not, at the summary judgment stage, foresee facts authorizing the grant of attorney fees." Accord *Dills v. Bohannon*, 208 Ga. App. 531, 533 (1) (431 SE2d 123) (1993); *Hamm v. Willis*, 201 Ga. App. 723 (411 SE2d 771) (1991); *Felker v. Fenlason*, 201 Ga. App. 207, 209 (5) (410 SE2d 326) (1991); *Seckinger v. Holtzendorf*, 200 Ga. App. 604, 605-606 (409 SE2d 76) (1991).

The grant of an interlocutory injunction by the trial court was a determination that there was substantial likelihood of success on the merits upon the trial of the case; unappealed it became the law of the case; after two days of evidence and an order granting injunctive relief, there was a determination of a justiciable issue by the trial court. Such judicial determination is substantially the equivalent to the denial of a motion for summary judgment, so that OCGA § 9-15-14 (a) does not apply under *Porter v. Felker*, supra.

Furthermore, the findings of fact by the trial court lack any evidence to support a finding under OCGA § 9-15-14 (a). Under the "any evidence" rule, the trial court erred in granting attorney fees and expenses under OCGA § 9-15-14 (a). *Haggard v. Bd. of Regents &c. of Ga.*, supra at 527.

3. The appellant's next enumeration of error is that the trial court erred in granting attorney fees to the appellees under OCGA § 9-15-14 (b) upon a finding that the appellant unnecessarily expanded the proceedings by improper conduct, because there existed ample evidence to show that any delays caused in the prosecution of the appellant's case were not the result of improper conduct by appellant or her counsel.

"OCGA § 9-15-14 (b) is discretionary and the standard of review is the abuse of discretion." *Haggard v. Bd. of Regents &c. of Ga.*, supra at 527 (4) (c); *Gibson v. Southern Gen. Ins. Co.*, 199 Ga. App.

776, 778 (3) (406 SE2d 121) (1991).

While appellant has submitted conflicting evidence, the trial court is to determine weight and credibility of the evidence. The alleged misconduct occurred after the grant of the interlocutory injunction so such order provides no defense.

The trial court did not abuse its discretion in imposing attorney fees in some amount within OCGA § 9-15-14 (b).

4. The appellant's last enumeration of error is that the trial court erred in granting attorney fees because the evidence was insufficient to enable the trial court to assess the attorney fee award.

The General Assembly mandated, under OCGA § 9-15-14 (f), that "[a]n award of reasonable and necessary attorney's fees or expenses of litigation [as a sanction] . . . shall be determined by the court." OCGA § 9-15-14 (d) limits such award so that the award "shall not exceed amounts which are reasonable and necessary for defending . . . the rights of a party." This imposes an affirmative duty upon the trial court to hear evidence and allow the cross-examination of counsel as to the necessity, reasonableness, and amount of work done by counsel by the opposite party prior to the imposition of an award related to the basis for the sanction. In the case sub judice, the trial court failed to hold a hearing and allow movant to be cross-examined regarding such fees. Appellees' counsel merely submitted an affidavit filled with hearsay and conclusions and devoid of facts upon which the trial court must exercise its sound discretion in making an award. Counsel did not state the total hours worked by each lawyer on each issue which authorized the imposition of sanctions; provide the hourly billing rate for each counsel; testify that the rates were the normal rate; specify what work was performed; or explain why, in a case where there had been no discovery done and only a two-day hearing over approximately one year's time that the total fees exceeded $42,045 and expenses of $2,195.13, particularly when the initial sanction for discovery abuse requested had been an award of only $1,250. Under the circumstances, ordering an award without conducting a hearing and without important evidence, such as the billing records, constituted an abuse of discretion by the trial judge and lacked evidence upon which to exercise the sound discretion of the court in imposing a reasonable sanction.

"The record does not show [that the non-movant] was afforded such opportunity [of a hearing on the award of attorney fees where the movant's counsel could be cross-examined], and the judgment must be reversed and remanded for an evidentiary hearing to determine an amount for reasonable and necessary attorney fees." *Cohen v. Feldman*, 219 Ga. App. 90, 92 (2) (464 SE2d 237) (1995). " '[A] party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services. (Cit.)'

*Mitcham v. Blalock*, 214 Ga. App. 29, 32-33 (2) (447 SE2d 83) (1994)." Id. at 92 (2). " ' "An award of attorney fees is unauthorized if [the movant] failed to prove the actual costs of the attorney and the reasonableness of those costs. (Cit.)" *Fiat Auto U. S. A. v. Hollums*, 185 Ga. App. 113, 116 (5) (363 SE2d 312) (1987).' *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606) [(1993)]." *Mitcham v. Blalock*, supra at 31 (2). The court held that an affidavit of an attorney with billing statements attached which told what two lawyers and the paralegal had done was hearsay as to what anyone did other than the affiant. Id. at 31. " 'A determination of the amount of an award of attorney fees cannot be based upon guesswork. [Cit.]' [Cit.] Such an award must be based on competent evidence, not inadmissible hearsay. [Cits.]" *Mitcham v. Blalock*, supra at 32. "Nor did the process of allowing [movant] to submit edited time [sheet] records and affidavits adequately afford [the non-movant's] attorney the opportunity to cross-examine [movant's] attorneys either on the issues of reasonableness and value or on the allocation of time and expenses among the various claims. A determination of the amount of an award of attorney fees cannot be based on guesswork." *Southern Cellular Telecom v. Banks*, supra at 402.

The case is remanded for an evidentiary hearing to establish the amount of attorney fees solely related to OCGA § 9-15-14 (b), as limited by OCGA § 9-15-14 (d), for the delay in discovery that appellees are entitled to recover and any other appropriate sanctions under OCGA § 9-15-14 (b) which can be established by competent evidence.

*Judgment affirmed in part, reversed in part and remanded with directions. Birdsong, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED MARCH 6, 1997.

*David J. Farnham*, for appellant.
*Long, Weinberg, Ansley & Wheeler, J. M. Hudgins IV, Paul L. Weisbecker*, for appellees.