**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

October 28, 2025

# In the Court of Appeals of Georgia

A25A0847. TRABUE et al. v. HANSON et al.

MARKLE, Judge.

Keith Trabue appeals from the trial court's order granting attorney fees to David Hanson under OCGA § 9-15-14, and to Michael Flint under OCGA § 9-11-11.1. For the reasons that follow, we affirm.[1]

---

[1] Hanson's motion to dismiss the appeal is denied. See OCGA 5-6-34 (a) (13) (judgments entered under OCGA 9-11-11.1 are directly appealable); 5-6-34 (d) ("Where an appeal is taken under any provision of subsection (a), (b), or (c) of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone[.]"); *Hallman v. Emory Univ.*, 225 Ga. App. 247, 249-250 (483 SE2d 362) (1997) ("To award attorney fees under OCGA § 9-15-14 (a) requires the same findings as under [the abusive litigation statute], so that there exists an appeal which otherwise would be discretionary under OCGA § 9-15-14, but may be reviewed on direct appeal, when it is appealed as part of a judgment directly appealable.") (citation and punctuation omitted).

This appeal involves the on-going medical malpractice dispute between Keith Trabue and Atlanta Women's Specialists and one of its doctors (collectively, "the defendants"), arising from the catastrophic brain injury Trabue's wife, Shannon Marie Trabue, suffered a few days after giving birth. Following a trial, the jury awarded Trabue $46 million. *Trabue v. Atlanta Women's Specialists*, 349 Ga. App. 223 (825 SE2d 586) (2019) ("*Trabue I*"). The defendants moved for a new trial, which the trial court granted in part.[2] See id. On appeal, we affirmed in part, reversed in part, vacated in part, and remanded the case to the trial court, to consider the claim for fees. Id. at 232 (3). Our Supreme Court granted certiorari and affirmed. *Atlanta Women's Specialists v. Trabue*, 310 Ga. 331 (850 SE2d 748) (2020) ("*Trabue II*"). On remand to the trial court, Flint and Hanson, as the attorneys for the defendants, moved to set aside the judgment. And, before the trial court ruled on that motion, they filed another appeal. We affirmed on the ground that the issues raised should have been raised in the prior appeal. See *Atlanta Women's Specialists v. Trabue*, 362 Ga. App. XXVI (2021) ("*Trabue III*"). The Supreme Court of Georgia denied review ("*Trabue IV*").

---

[2] For a more detailed procedural history, see *Trabue I*, 349 Ga. App. at 224-227. We refer to the prior cases here only so far as they explain the current appeal.

Thereafter, Trabue filed an abusive litigation complaint under OCGA § 51-7-81 against Flint and Hanson, asserting that the repeated attempts to overturn the jury's verdict in the medical malpractice case, and the filing of multiple appeals, were frivolous delay tactics designed to avoid payment of the judgment in *Trabue I* and were made to harass and intimidate Trabue. Notably, at the time Trabue filed the abusive litigation suit, the issue of attorney fees from *Trabue I* remained pending in the trial court.[3]

Flint moved to strike the abusive litigation complaint under OCGA § 9-11-11.1, arguing that he had engaged in protected activity by filing the second appeal and motion to set aside the verdict, and that Trabue could not prevail on his claim because the abusive litigation suit was time-barred. He also requested attorney fees under OCGA § 9-11-11.1 (b.1). The following day, Trabue voluntarily dismissed the complaint without prejudice because it was premature, as the underlying medical malpractice litigation that triggered the abusive litigation suit remained pending. See

---

[3] At some point after *Trabue IV*, the trial court denied the pending motion to set aside. We dismissed the appeal from that order. See *Atlanta Women's Specialists v. Trabue*, Case No. A24A1112. In January 2025, the trial court awarded attorney fees in the underlying medical malpractice case. An appeal from that order is pending before this Court in Case No. A25A1265.

3

*Hallman v. Emory Univ.*, 225 Ga. App. 247, 250 (1) (483 SE2d 362) (1997) (physical precedent only) ("As an essential condition precedent to having a cause of action under [the abusive litigation statute], there must be a 'final termination of the proceeding[.]'"); see also OCGA § 51-7-84 (b).

Thereafter, Flint renewed his motion for attorney fees, arguing that the voluntary dismissal of the abusive litigation complaint did not bar an award of fees under OCGA § 9-11-11.1 even if his motion to strike was then moot. Hanson separately moved for attorney fees under OCGA § 9-15-14, asserting that counsel in the underlying action told him that they filed suit to put pressure on one of the insurance companies to settle. In response, Trabue argued that Flint and Hanson were not entitled to fees because neither one was a "prevailing party" under the fee statutes, and Hanson had not submitted any evidence of his fees. Flint then submitted invoices of his fees, and Hanson submitted an affidavit regarding his hourly rate and the number of hours involved.

In an e-mail, the trial court informed the parties that it intended to award fees to Flint and Hanson. Following a hearing, at which both Flint and Hanson testified to their hours and fees, the trial court awarded Flint $43,092.72, finding the award was

4

mandatory because Flint was the "prevailing party." The trial court also awarded Hanson a total of $66,000 in fees under OCGA § 9-15-14 (a) and (b) because there was no dispute that the abusive litigation suit was untimely, and the suit was filed with the intent to harass the attorneys and coerce a settlement. Trabue now appeals from both awards.

"As a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or by contract. When awarded by statute, such fees may be obtained only pursuant to the statute under which the action was brought and decided." (Citations omitted.) *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000); see also *Azizan v. Hajianbarzi*, 372 Ga. App. 396, 399 (2) (903 SE2d 677) (2024). Here, we consider whether attorney fees were authorized by OCGA §§ 9-11-11.1 (b.1) and 9-15-14.

1. *OCGA § 9-11-11.1 (b.1).*

We first consider whether Flint was entitled to fees under OCGA § 9-11-11.1 (b.1). Trabue argues that the award was improper because the trial court made no findings as to whether the abusive litigation suit was filed prematurely or too late, which is necessary for deciding whether Flint was the "prevailing party" under the

statute. According to Trabue, because the motion was not yet ripe, the trial court lacked subject matter jurisdiction. Trabue further argues that the trial court did not make a finding on the merits that the abusive litigation suit was frivolous because the suit was dismissed without prejudice, and thus, it could not address the claim for attorney fees. We disagree.

> A SLAPP, or Strategic Lawsuit Against Public Participation, is a meritless lawsuit brought not to vindicate legally cognizable rights, but instead to deter or punish the exercise of constitutional rights of petition and free speech by tying up its target's resources and driving up the costs of litigation. Georgia's anti-SLAPP statute, OCGA § 9-11-11.1, allows a defendant to move to strike or dismiss such a frivolous action as an avenue for ending the suit quickly, summarily, and at minimal expense. The purpose of the statute is to encourage participation by the citizens of Georgia in matters of public significance and public interest through the exercise of their constitutional rights of petition and freedom of speech.

(Citations and punctuation omitted.) *Potts v. Richardson*, 376 Ga. App. 90, 93 (1) (918 SE2d 146) (2025); see also *Wilkes & McHugh v. LTC Consulting*, 306 Ga. 252, 257 (2) (830 SE2d 119) (2019).

As is relevant to this appeal, under OCGA § 9-11-11.1 (b.1), "a prevailing moving party on a motion to strike shall be granted the recovery of attorney's fees and

expenses of litigation related to the action in an amount to be determined by the court based on the facts and circumstances of the case." As we have explained, "the goal of an anti-SLAPP statute is to end a SLAPP lawsuit quickly and without much cost to the defendant[.]" *Rogers v. Dupree*, 340 Ga. App. 811, 815 (2) (799 SE2d 1) (2017). Importantly, an award of fees is mandatory where the moving party prevails on its motion to strike. OCGA § 9-11-11.1 (b.1); see also *PNC Fin. Svcs. Group v. Gibson*, 371 Ga. App. 660, 666 (2) (b) (ii) (901 SE2d 331) (2024) ("It can scarcely be doubted that by the use of the word 'shall' a legislative mandate, and not a mere permission, was imported into the enforcement provisions of the Act[.]") (citation omitted).

Here, the trial court found that an award of fees was warranted under OCGA § 9-11-11.1 because Flint was the "prevailing moving party," as (a) he engaged in protected conduct, and (b) Trabue could not have been successful on his claims as the abusive litigation suit was "procedurally improper."

We have not directly addressed the definition of "prevailing moving party" in the context of an anti-SLAPP suit when the suit has been voluntarily dismissed. But, because the statutory provision applicable to anti-SLAPP attorney fees in California is substantially similar to Georgia's, we may look to California cases for guidance.

*Wilkes & McHugh*, 306 Ga. at 257-258 (2); *Giraldi v. Bowen*, 374 Ga. App. 347, 353 (1) (b), n. 1 (912 SE2d 724) (2025); compare OCGA § 9-11-11.1 (b.1) with Cal. Code Civ. Proc. § 425.16 (c) (1).

Although the California courts have taken slightly different approaches, when we consider the statutory language and the purposes of the anti-SLAPP statute, we conclude the proper approach depends on a determination of whether the defendant would have prevailed on the motion to strike. See *Tourgeman v. Nelson & Kennard*, 222 Cal. App. 4th 1447, 1457 (III) (A) (Cal. Ct. App. 2014); *Rogers*, 340 Ga. App. at 815 (2) (purpose of anti-SLAPP is to end litigation quickly and with limited expense to defendants); OCGA § 9-11-11.1 (h) (attorney fees can be requested at any time during course of litigation, or within 45 days of the final disposition, including dismissal by the plaintiff). And, to determine whether a defendant is the prevailing party, the trial court must engage in the two-part analysis of the anti-SLAPP motion.[4] *Moore v. Liu*, 69 Cal. App. 4th 745, 752 (2) (Cal. Ct. App. 1999) ("the trial court's adjudication of

---

[4] Compare *Coltrain v. Shewalter*, 77 Cal. Rptr. 2d 600, 608 (IV) (Cal. Ct. App. 1998) (concluding that court has discretion to determine if defendant is prevailing party based on an analysis of "which party realized its objectives in the litigation.").

the merits of a defendant's motion to strike is an essential predicate to ruling on the defendant's request for an award of fees and costs.").

> First, the trial court decides whether the moving party has made a threshold showing that the challenged claim is one arising from protected activity. . . . If the moving party makes a threshold showing of protected activity, then the court proceeds to the second step of the analysis and determines whether the plaintiff has established a reasonable probability that he will prevail on the merits of his claim.

(Citations and punctuation omitted.) *Giraldi*, 374 Ga. App. at 350-351 (1).

Under this framework, we conclude the trial court here conducted the proper analysis. There is no dispute that filing motions and appeals falls within protected activity. See OCGA § 9-11-11.1 (c) (1)-(2). Turning to the second prong, Trabue acknowledges the abusive litigation suit was premature. As such, at the time Flint filed the motion to strike, Trabue could not show a reasonable probability that he would prevail on the merits. Moreover, OCGA § 9-11-11.1 (h) specifically contemplates that attorney fees could be awarded following a plaintiff's dismissal of the action. Cf. *Hagemann v. Berkman Wynhaven Assoc.*, 290 Ga. App. 677, 683-684 (660 SE2d 449) (2008) (discussing former OCGA § 9-11-11.1 (f) (1998) and explaining that a voluntary dismissal does not "preclude the impositions" of sanctions, which could include

9

attorney fees). And, under our rules of statutory construction, "statutes relating to the same subject matter are in pari materia and must be construed together and harmonized whenever possible. . . . [T]he fundamental rules of statutory construction . . . require us to avoid a construction that makes some language mere surplusage." (Citation and punctuation omitted.) *Stockton v. Shadwick*, 362 Ga. App. 779, 783 (1) (a) (870 SE2d 104) (2022). Because these statutory provisions, read together, contemplate an award of attorney fees following a voluntary dismissal of an alleged abusive litigation suit, the trial court correctly determined that Flint was the "prevailing moving party" in this case[5] See *Aron v. WIB Holdings*, 231 Cal. Rptr. 3d

[5] Trabue's contention that the trial court lacked jurisdiction over the abusive litigation suit because it was not ripe is misplaced in this context. Flint still incurred expenses for defending against the suit and he moved for fees prior to the plaintiff's voluntary dismissal. See *Catlin Ins. Co. v. Danko Meredith Law Firm*, 73 Cal. App. 5th 764, 774 (III) (B) (2) (Cal. Ct. App. 2022). Given the rationale behind the anti-SLAPP statute, Flint would still be entitled to fees related to the motion to strike. Our recent decision in *Publix Super Market v. Rockdale County*, 375 Ga. App. 94, 10 (c) (913 SE2d 851) (2025), does not dictate a different result. In that case, we held the trial court erred by considering the anti-SLAPP motion where the underlying declaratory judgment action should have been dismissed on justiciability grounds. Moreover, in the instant case, the trial court did not rule on the merits of the underlying abusive litigation suit or the motion to strike. It simply conducted the proper review to determine if Flint was the prevailing moving party. And, our cases to the contrary are distinguishable because they do not arise in the context of anti-SLAPP litigation. *Hutchinson v. Composite State Bd. of Medical Examiners*, 263 Ga. 186 (2) (429 SE2d 661) (1993) (appellant was not "prevailing party" where trial court did not rule on the

1, 14 (II) (C) (Cal. Ct. App. 2018) (plaintiff could not show reasonable probability of prevailing where his action was premature at the time the defendant filed the motion to strike). And, once the trial court determined that Flint was the prevailing party, it was required to award fees. *Barnwell v. Trivedi*, 370 Ga. App. 522, 526 (2) (c) (898 SE2d 250) (2024); OCGA § 9-11-11.1 (b.1). Accordingly, we affirm the trial court's order awarding attorney fees to Flint.[6]

2. *OCGA § 9-15-14.*

We next turn to the award of fees to Hanson under OCGA § 9-15-14. Trabue argues that it was premature to award fees under this statute because the underlying action remained pending. He further argues that the trial court's order lacks the

---

merits); *Floyd v. Logisticare*, 255 Ga. App. 702, 703 (2) (566 SE2d 423) (2002) (defendant was not a prevailing party where plaintiff's suit was dismissed without prejudice for want of prosecution and counterclaim remained pending); *Morris v. Morris*, 222 Ga. App. 617, 618 (1) (475 SE2d 676) (1996) (voluntary dismissal without prejudice is not adjudication on the merits and thus defendant is not prevailing party under OCGA § 19-6-19 (d)). In contrast, in the context of anti-SLAPP litigation, "when the plaintiff dismisses the complaint, it voluntarily cedes to the defendant all the relief the trial court could have granted if the matter had been pressed to a ruling." See *Coltrain*, 66 Ca. App. 4th at 106 (IV).

[6] Notably, Trabue has not challenged the amount or reasonableness of the fee award with regard to either Flint or Hanson. We express no opinion on those issues.

necessary findings to support the award, and that it failed to specify which statutory provision supported the amount awarded.

When a trial court awards fees under OCGA § 9-15-14, it must make "express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize the award." (Citation and punctuation omitted.) *Matthews v. Mills*, 357 Ga. App. 214, 221 (2) (b) (850 SE2d 424) (2020). As we have explained, the statute serves dual purposes: "to both punish and deter litigation abuses and to recompense litigants who are forced to expend resources in contending with abusive litigation." *Hindu Temple & Community Center of High Desert v. Raghunathan*, 311 Ga. App. 109, 118 (3) (714 SE2d 628) (2011); see also *Abt v. Abt*, 289 Ga. 166, 167 (709 SE2d 806) (2011); *Doyle v. Haas*, 374 Ga. App. 558, 560-561 (1) (913 SE2d 437) (2025).

Contrary to Trabue's claim that Hanson's motion for fees was premature or that the trial court lacked jurisdiction once the complaint was voluntarily dismissed, the statute permits a party to seek fees "any time during the course of the action" or within 45 days of the final judgment. OCGA § 9-15-14 (e); see also *Colvin v. Chrisley*, 315 Ga. App. 486, 487 (2) (727 SE2d 232) (2012). Thus, even after a case is

voluntarily dismissed, the trial court retains jurisdiction to award fees. See *Modi v. India-American Cultural Assoc.*, 370 Ga. App. 458, 463 (3) (b) (897 SE2d 86) (2024); *Harris v. Werner*, 278 Ga. App. 166, 167 (628 SE2d 230) (2006) (trial court had jurisdiction to rule on OCGA § 9-15-14 motion even after plaintiff voluntarily dismissed suit).[7] Nevertheless, we have held that it is not appropriate to grant fees based *solely* on the fact that the plaintiff voluntarily dismissed the suit. See *Griggs v. Columbus Bank & Trust Co.*, 188 Ga. App. 741, 743 (374 SE2d 347) (1988); compare *Hart v. Redmond Regional Med. Center*, 300 Ga. App. 641, 643-644 (2) (686 SE2d 130) (2009) (fees under OCGA § 9-15-14 warranted where plaintiff hampered discovery prior to dismissing suit).

We now turn to the two specific provisions under which the trial court awarded fees.

(a) *OCGA § 9-15-14 (a)*.

---

[7] The cases on which Trabue relies are distinguishable, as they involved counterclaims for fees. See *McCullough v. McCullough*, 263 Ga. 794, (3) (439 SE2d 486) (1994); *Generali-U. S. Branch v. Owens*, 218 Ga. App. 584, 585 (2) (462 SE2d 464) (1995); *Hutchison v. Divorce & Custody Law Center of Arline Kerman & Assocs.*, 207 Ga. App. 421, 423 (427 SE2d 784) (1993).

A party is entitled to fees under OCGA § 9-15-14 (a) if he or she filed a claim with "such a complete absence of any justiciable issue of law or fact" that he or she "could not reasonably have believed that the court would accept it." (Citation and punctuation omitted.) *Shoenthal v. DeKalb County Employees Retirement System Pension Bd.*, 343 Ga. App. 27, 30 (805 SE2d 650) (2017); OCGA § 9-15-14 (a). We review the trial court's ruling under the any evidence standard. *Shoenthal*, 343 Ga. App. at 30.

> To the extent that the evidence relevant to the question of attorney fees consists of the state of the law, we make our own assessment of that evidence and decide for ourselves whether the claim asserted below presented a justiciable issue of law. Moreover, the mere fact that the [defendant] prevailed on its motion . . . does not mandate an award of attorney fees.

(Citation and punctuation omitted.) *Shoenthal*, 343 Ga. App. at 30. Importantly, fees under this subsection are mandatory where the trial court finds there was no justiciable claim. See *Bircoll v. Rosenthal*, 267 Ga. App. 431 (600 SE2d 388) (2004).

Here, the trial court found that there was no dispute that the abusive litigation suit was "untimely," and, as a result, the trial court found there was no justiciable issue, and that Hanson was entitled to fees under OCGA § 9-15-14 (a). Pretermitting whether the trial court correctly applied the statute of limitation to find the complaint

14

untimely, Trabue concedes that the suit was premature, as the underlying litigation had not terminated.[8] Thus, there was no justiciable issue of law and Hanson was entitled to fees under OCGA § 9-15-14 (a). *Durrance v. Schad*, 345 Ga. App. 826, 831 (2) (a) (815 SE2d 164) (2018) (voluntary dismissal of stalking suit did not render defendant unable to obtain attorney fees in light of plaintiff's admissions that he had no basis to file stalking petition); *Omni Builders Risk v. Bennett*, 325 Ga. App. 293, 297 (3) (750 SE2d 499) (2013) ("the fact that [plaintiff] voluntarily dismissed her claim does not prevent an award under OCGA § 9–15–14 because litigants and counsel are bound to exercise 'a minimum amount of diligence' before filing suit.") (citation omitted). Because there is some evidence to support the trial court's conclusion that the complaint was otherwise untimely, we are bound to affirm the award under OCGA § 9-15-14 (a).[9] *Barnwell*, 370 Ga. App. at 524-525 (2) (a); *Bircoll*, 267 Ga. App. 431 .

---

[8] Although Trabue argues that the trial court reached inconsistent factual findings by concluding that the abusive litigation suit was both too early and too late, a close reading of the trial court's order shows that it found the suit untimely because it was outside the statute of limitation. It then noted that it would be untimely under Trabue's theory as well.

[9] To the extent that Trabue argues the trial court erred by granting a lump sum fee award and by failing to award fees only as it related to the sanctionable conduct, it is noteworthy that the sole basis for fees was the defense of the abusive litigation suit. There was no other conduct for which the attorneys sought reimbursement

(b) *OCGA § 9-15-14 (b).*

A party is entitled to fees under this subsection where he or she filed a claim that "lacked substantial justification" or "was interposed for delay or harassment, or if the court finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct." (Citation and punctuation omitted.) *Shoenthal*, 343 Ga. App. at 30; OCGA § 9-15-14 (b). Although we generally review the trial court's award under this subsection for abuse of discretion, we need not consider the argument where, as here, we concluded that fees were warranted under OCGA § 9-15-14 (a). *Shiv Aban, Inc. v. Ga. Dept. of Transp.*, 336 Ga. App. 804, 818 (2) (b) (784 SE2d 134) (2016).

Accordingly, for the foregoing reasons, we affirm the award of fees to Flint and Hanson.[10]

*Judgment affirmed. Doyle, P. J., and Padgett, J., concur.*

---

except as related to the work done on those motions.

[10] By our conclusion here, we do not mean to suggest that Trabue is barred from bringing an abusive litigation suit upon the conclusion of the underlying case, and we express no opinion on the merits of Trabue's abusive litigation claims.